ACCEPTED
12-15-00058-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/4/2015 3:32:49 PM
CATHY LUSK
CLERK

CAUSE NO. _____

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

3/4/2015 3:32:49 PM

CATHY S. LUSK
Clerk

**IN THE**

**COURT OF APPEALS**

**FOR THE**

**TWELFTH COURT OF APPEALS DISTRICT**

**AT**

**TYLER, TEXAS.**

**IN RE JEANETTE B. DAVIDSON,
INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF
THE ESTATE OF GARY L. DAVIDSON, DECEASED,**
*Relators,*

*Original Proceeding from the County Court-at-Law
of Anderson County, Texas, Hon. Jeff Doran, Presiding.*

**PETITION FOR WRIT OF MANDAMUS**

**Thomas R. McLeroy, Jr.**
**Bar No. 13766800**
**P. O. Box 668**
**Center, Texas  75935**
**(936) 598-2701**
**FAX (936) 598-6086**
**mcleroylaw@sbcglobal.net**

**ATTORNEY FOR RELATOR**

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

The following named persons are parties to this proceeding, to-wit:

Relators:

**Jeanette B. Davidson, Individually and
as Independent Executrix of
the Estate of Gary L. Davidson, Deceased.**

Respondent:

**Hon. Jeff Doran,
Judge, County Court-at-Law of Anderson County, Texas
500 North Church Street, Suite 11
Palestine, Texas 75801**

Real Party in Interest:

**The Estate of Stone Haynes, Deceased
Ben Haynes, Independent Executor**

## COUNSEL OF RECORD

Attorney for Relator:

**Thomas R. McLeroy, Jr.
Bar No. 13766800
P. O. Box 668
Center, Texas 75935
(936) 598-2701
FAX (936) 598-6086
mcleroylaw@sbcglobal.net**

**Attorney for Real Party in Interest:**

Jeffrey L. Coe
P. O. Box 1157
Palestine, Texas 75802-1157
Bar No. 24001902
(903) 723-0331
FAX (903) 741-9229
jeff@coelawfirm.com

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL.** . . . . . . . . . . . . . . . . . . . . . . . **page i**

**TABLE OF CONTENTS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page iii**

**INDEX OF AUTHORITIES.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page vii**

**STATEMENT OF THE CASE.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page ix**

**STATEMENT OF JURISDICTION.** . . . . . . . . . . . . . . . . . . . . . . . . . **page ix**

**ISSUES PRESENTED.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page ix**
       **ISSUE NO. 1.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page ix**
          **(Whether Respondent Abused his Discretion
          in failing to Grant Relator's Transfer Motion).** . . . . . . . . . . **page ix**

**STATEMENT OF FACTS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 1**

**ARGUMENT AND AUTHORITIES.** . . . . . . . . . . . . . . . . . . . . . . . . . **page 6**

    **A.**    **STANDARD OF REVIEW.** . . . . . . . . . . . . . . . . . . . . . . . . . **page 6**

    **B.**    **MANDAMUS RELIEF IS WARRANTED TO CORRECT THE
        TRIAL COURT'S REFUSAL TO GRANT RELATORS' MOTION
        TO TRANSFER VENUE OF THE PROBATE PROCEEDING TO
        SAN AUGUSTINE COUNTY, THE COUNTY OF THE
        DECEDENT'S DOMICILE AND RESIDENCE AT THE TIME OF
        HIS DEATH.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 7**

**CONCLUSION AND PRAYER.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 9**

**CERTIFICATE OF COMPLIANCE.** . . . . . . . . . . . . . . . . . . . . . . . . **page 10**

**VERIFICATION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 11**

**APPENDIX.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XII**

**TAB 1.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XIII**
      **(Clerk's Certification of Copies).** . . . . . . . . . . . . . . . . . . . . **page XIII**

**TAB 2.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XVI**
    **(Docket Sheet, Cause No. 15063).** . . . . . . . . . . . . . . . . . . . **page XVI**

**TAB 3.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XIX**
    **(Application to Probate Will).** . . . . . . . . . . . . . . . . . . . . . . **page XIX**

**TAB 4.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XXIX**
    **(Answers to Interogatories).** . . . . . . . . . . . . . . . . . . . . . . **page XXIX**

**TAB 5.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XLI**
    **(Proof of Death and Other Facts).** . . . . . . . . . . . . . . . . . . **page XLI**

**TAB 6.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XLIV**
    **(Order Probating Will).** . . . . . . . . . . . . . . . . . . . . . . . . **page XLIV**

**TAB 7.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XLVIII**
    **(Inventory).** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XLVIII**

**TAB 8.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page LV**
    **(Motion to Transfer Venue).** . . . . . . . . . . . . . . . . . . . . . **page LV**

**TAB 9.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page LVIII**
    **(Response to Defendants'**
    **Motion to Transfer Venue).** . . . . . . . . . . . . . . . . . . . . . **page LVIII**

**TAB 10.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page LXIV**
    **(Reply to Response to**
    **Motion to Transfer Venue).** . . . . . . . . . . . . . . . . . . . . . **page LXIV**

**TAB 11.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page LXXIII**
    **(Amended Reply to**
    **Motion to Transfer Venue).** . . . . . . . . . . . . . . . . . . . **page LXXIII**

**TAB 12.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page LXXXII**
    **(Relator's Letter Brief).** . . . . . . . . . . . . . . . . . . . . . **page LXXXII**

**TAB 13.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **page LXXXVII**
    **(Letter from Respondent).** . . . . . . . . . . . . . . . . . . **page LXXXVII**

**TAB 14.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XCI**
    **(Relator's Letter Brief).** . . . . . . . . . . . . . . . . . . . . . . **page XCI**

**TAB 15.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XCIV**
    **(Letter Brief from Haynes).** . . . . . . . . . . . . . . . . . . . **page XCIV**

**TAB 16.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XCVI**
    **(Relator's Letter Brief)**. . . . . . . . . . . . . . . . . . . . . . . . . . . **page XCVI**

**TAB 17.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CI**
    **(Letter from Respondent)**. . . . . . . . . . . . . . . . . . . . . . . . . . . **page CI**

**TAB 18.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CV**
    **(Order Denying Venue Transfer Motion)**. . . . . . . . . . . . . . . . **page CV**

**TAB 19.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CVII**
    **(Letter Brief from Real Party in Interest)**. . . . . . . . . . . . . . . **page CVII**

**TAB 20.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CIX**
    **(Petition in Cause No. 11,953)**. . . . . . . . . . . . . . . . . . . . . . **page CIX**

**TAB 21.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CXIII**
    **(Amended Petition in Cause No. 11,953)**. . . . . . . . . . . . . . . **page CXIII**

**TAB 22.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CXVII**
    **(Motion to Transfer Venue**
    **in Cause No. 11,953)**. . . . . . . . . . . . . . . . . . . . . . . . . . . **page CXVII**

**TAB 23.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CXX**
    **(Defendant's Answer**
    **in Cause No. 11,953)**. . . . . . . . . . . . . . . . . . . . . . . . . . . **page CXX**

**TAB 24.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CXXV**
    **(Amended Reply to Ben Haynes' Response**
    **to Defendants' Motion to Transfer Venue**
        **in Cause No. 11,953)**. . . . . . . . . . . . . . . . . . . . . . . . **page CXXV**

**TAB 25.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CXXXIV**
    **(Response to Defendant's Motion to**
    **Transfer Venue in Cause No. 11,953)**. . . . . . . . . . . . . . . . . **page CXXXIV**

**TAB 26.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CXL**
    **(Amended Motion to Transfer Venue**
    **in Cause No. 11,953)**. . . . . . . . . . . . . . . . . . . . . . . . . . . **page CXL**

**TAB 27.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CXLIV**
    **(Second Amended Petition**
    **in Cause No. 11,953)**. . . . . . . . . . . . . . . . . . . . . . . . . . . **page CXLIV**

**TAB 28.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CLII**
    **(TEXT OF FORMER TEXAS PROBATE CODE §5A)..** . . . . . **page CLII**

**TAB 29.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CLV**
    **(TEXT OF TEXAS CIVIL PRACTICE**
    **& REMEDIES CODE §15.001)** . . . . . . . . . . . . . . . . . . . . . . . . . **page CLV**

**TAB 30.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CLVI**
    **(TEXT OF <u>TEXAS CIVIL PRACTICE &</u>**
    **<u>REMEDIES CODE §15.016.</u>** . . . . . . . . . . . . . . . . . . . . . . . . . **page CLVI**

**TAB 31.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CLVII**
    **(TEXT OF <u>TEXAS CIVIL PRACTICE &</u>**
    **<u>REMEDIES CODE §15.0642</u>)** . . . . . . . . . . . . . . . . . . . . . . . **page CLVII**

**TAB 32.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CLVIII**
    **(TEXT OF TEXAS PROBATE CODE §6).** . . . . . . . . . . . . . **page CLVIII**

**TAB 33.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page CLIX**
    **(TEXT OF TEXAS PROBATE CODE §8A).** . . . . . . . . . . . . . **page CLIX**

# INDEX OF AUTHORITIES

**STATE CONSTITUTIONS:**

TEX. CONST. art. V, §6.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page ix


**STATUTES:**

TEX. CIV. PRAC. & REM. CODE ANN., §15.0642 (Vernon 2002). . . . . . . page ix,
page 8

TEX. CIV. PRAC. & REM. CODE ANN., §15.006 (Vernon 2002). . . . . . . . . page 5

TEX. CIV. PRAC. & REM. CODE ANN., §15.016 (Vernon 2002). . . . . . . . . page 7

TEX. GOV. CODE ANN., §22.221 (Vernon 2004). . . . . . . . . . . . . . . . . . . page ix

TEX. PROB. CODE ANN., §6 (Vernon Supp. 2013). . . . . . . . . . . . . . page 3, page 7

TEX. PROB. CODE ANN., §8A (Vernon Supp. 2013). . . . . page 3, page 8, page 9


**COURT RULES:**

TEX. R. APP. P., 9.4.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 10

TEX. R. CIV. P., 87. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 4, page 7


**CASES:**

*In re Graham*, 251 S.W.3d 844 (Tex. App. –Austin, 2008) (orig. proceeding)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7

*In re Lemons*, 281 S.W.3d 643 (Tex. App. –Tyler, 2009) (orig. proceeding)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 6

*In re Missouri Pacific Railroad Co.*, 998 S.W.2d 212 (Tex. 1999) (orig.
proceeding). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 6

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124 (Tex. 2004) . . . . . . . . . . page 6

*In re Transcontinental Realty Investors, Inc.*, 271 S.W.3d 270 (Tex. 2008) (orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 6

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . page 6


**REPEALED STATUTES:**

Act of June 17, 2011, 83rd Leg. ch. 1338, §§1.04, 1.06 and 2.54(c) . . . . . page iii

Act of June 19, 2009, 81st Leg., RS, ch. 1351, §12(h) . . . . . . . . . . . . . . . . page ii

TEX. PROB. CODE ANN., §5A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 2

## STATEMENT OF THE CASE

This matter arises in the course of the administration of a decedent's estate in Cause No. 15,063 pending in the County Court-at-Law of Anderson County, Texas, styled, *The Estate of Stone Haynes, Deceased*. At all material times, the Honorable Jeff Doran, the Respondent, was the judge presiding in said court. The issue in dispute involves the proper venue of the probate court with supervision of the administration of the decedent's estate. Relators bring this original proceeding in order to correct the error of Respondent in denying Relators' motion to transfer the venue of these proceedings to San Augustine County, Texas, the county of the decedent's domicile and residence at the time of his death and, consequently, the county of mandatory venue under the Texas Probate Code.

## STATEMENT OF JURISDICTION

This court has jurisdiction to issue a writ of mandamus under TEX. CONST. art. V, §6, TEX. GOV. CODE ANN., §22.221(a), (b) (Vernon 2004), and TEX. CIV. PRAC. & REM. CODE ANN., §15.0642 (Vernon 2002).

## ISSUES PRESENTED

### ISSUE NO. 1
(Whether Respondent Abused his Discretion
in failing to Grant Relator's Transfer Motion)

Relator filed her motion to transfer venue of the probate proceedings in *The Estate of Stone Haynes, Deceased*, from Anderson County, the county in which an administration of the decedent's estate is pending, to San Augustine

County, the county of the decedent's domicile and residence at the time of his death. Although the Real Party in Interest admitted that the decedent was a resident of San Augustine County at the time of his death and the trial court's judgment admitting the decedent's will to probate recited that the decedent was a resident of San Augustine County at the time of his death, the Respondent denied Relator's motion. The issue presented is:

Whether the Respondent's refusal to grant Relators' motion to transfer venue to the county of decedent's undisputed domicile and residence at the time of his death constitutes a clear abuse of discretion for which mandamus relief is warranted.

## STATEMENT OF FACTS

In this case, which was filed on July 24, 2012, under Cause No. 15,063 in the County Court-at-Law of Anderson County, Texas, Benjamin Stone Haynes, who is the same person as Ben Haynes, (hereinafter referred to as "Haynes"), applied for probate of the last will and testament of Stone Haynes, deceased, and for Letters Testamentary. (Tab 3, pp. XIX - XXVIII, *Application to Probate Will and for Issuance of Letters Testamentary*). The sole devisee under the decedent's will was The Stone Haynes Living Trust. (*see* Tab 3, page XXIII, *Last Will and Testament of Stone Haynes*, Article Four). Thereafter, on July 30, 2012, before his appointment as executor of the estate, Haynes, as trustee of The Stone Haynes Living Trust, filed suit in Cause No. 11,953 in the same court in which this probate matter is pending, seeking to recover the balance alleged to be due on the note executed by Relator, Jeannette B. Davidson, and the decedent whose estate the Relator represents. (Tab 20, pp. CIX - CXII, *Original Petition for Suit on Note*). On August 3, 2012, in furtherance of the probate application, he filed answers to interrogatories in this suit which affirmed that, at the time of his death, Stone Haynes, the decedent, was domiciled in and had his fixed place of residence in San Augustine County, Texas. (Tab 4, pp. XXIX - XL, *Answers to Applicant's First Set of Interrogatories*, Response to Interrogatory #5). He, also, filed an affidavit stating that the decedent was domiciled and had a fixed place of residence in San Augustine County, Texas, on the date of his death. (Tab 5, pp. XLI - XLIII, *Proof of Death and Other Facts*, Item No. 2). A hearing on the application was held on August 8, 2012, after which the Respondent entered a

judgment admitting the will to probate and appointing Haynes' as an independent executor of the estate. (Tab 6, pp. XLIV - XLVII, *Order Probating Will and Authorizing Letters Testamentary*, page 1). The judgment entered by Respondent recited that ". . .Decedent died in San Augustine County, Texas on May 12, 2012. . ." and that ". . .this Court has jurisdiction and permissive venue over the estate as the Decedent was domiciled in San Augustine County, Texas at the time of his death." *Id. at* Tab 6, pg. XLV. After qualifying as the executor, Haynes returned the required inventory showing the estate to consist only of a parcel of real estate situated in Sabine County, Texas, an old pickup truck, household furnishings, personal possessions and a claim against Relators for the balance alleged to be due on the a promissory note. (Tab 7, pp. XLVIII - XIV, *Inventory, Appraisement and List of Claims*).

On August 24, 2012, after his appointment as executor, Haynes amended his pleadings in the suit on the note to omit The Stone Haynes Living Trust and to substitute the Estate of Stone Haynes, Deceased, as the plaintiff. (Tab 21, pp. CXIII - CXVI, *First Amended Original Petition for Suit on Note*). The pleadings alleged that venue of the suit on the note was proper in Anderson County under a previously repealed statute, **Texas Probate Code § 5A**[1]. (*cited at First Amended Original Petition*, paragraph 3).

Citation in the suit on the note was subsequently served on Relators and,

---

[1] **TEX. PROB. CODE ANN., §5A**, was repealed by **Act of June 19, 2009, 81st Leg., RS, ch. 1351, §12(h)**, effective as of September 1, 2009. The repealed statute originally dealt, not with venue, but with which courts have jurisdiction over matters appertaining and incident to an estate and other probate court jurisdiction.

in due order of pleading, Relators filed their motions to transfer venue of both this probate suit and the suit on the note. (Tab 8, pp. LV - LVII, Tab 22, pp. CXVII - CIX). Relators' motion in this suit alleged that Stone Haynes, the decedent, died in San Augustine County, Texas, on May 17, 2012, and that, at the time of his death, the decedent was domiciled in and was a resident of San Augustine County, so that venue of the probate matter was mandatory in San Augustine County, Texas, under TEX. PROB. CODE ANN., §6(1) and (2)[2]. (Tab 8, page LVI - LVII , *Motion to Transfer Venue*). They requested the transfer of this case to San Augustine County, Texas, pursuant to TEX. PROB. CODE ANN., §8A. On February 22, 2013, Haynes filed his response to Relators' motions to transfer venue. (Tab 9, pp. LVIII - LXIII, *Response to Defendant's Motion to Transfer Venue*). Haynes response did not specifically deny that the decedent's residence at the time of his death was in San Augustine County, but, rather, argued that the judgment admitting the will to probate in Anderson County was a final, appealable order at the time it was entered and had become unappealable by the time Relators filed their venue transfer motions so that Relators were precluded from raising the issue of the decedent's residence. *Id*. Relators promptly filed their reply to Haynes' response, as well as an amended reply, arguing that the Probate Code venue provisions were mandatory and that Probate Code, § 8A authorized a venue transfer at any time before the estate was closed. (Tab 10, pp.

_____

[2]

Sections 6 and 8A of the Texas Probate Code were amended and repealed, effective January 1, 2014, by Act of June 17, 2011, 83rd Leg. ch. 1338, §§1.04, 1.06 and 2.54(c). For ease of reference, citations in this Application are to the Texas Probate Code in effect on the material dates of the actions complained of and their text is reproduced at Tabs 32 and 33 in the Appendix to this Application for a Writ of Mandamus.

LXIV - LXXII, Tab 11, page LXXIII - LXXXII).

A hearing on Relators' motion in this case was held on March 25, 2013, and the Respondent requested the parties to submit supplemental authorities and arguments on an issue that the parties did not raise. Relators promptly submitted their supplemental brief again asserting that **Probate Code § 8A** authorized the venue transfer that Relators requested. (Tab 12, page LXXXII - LXXXVI). On May 10, 2013, the Respondent requested the parties to inform the court whether the issue of the decedent's residence at the time of his death was contested. (Tab 13, pp. LXXXVII - XC). Respondent informed the parties that, notwithstanding Haynes' interrogatory responses, his affidavit of *Proof of Death and Other Facts*, Respondent's own finding embodied in the *Order Probating Will and Authorizing Letters Testamentary* and Haynes' failure to specifically deny the venue facts, as required by **TEX. R. CIV. P., 87(3)(a)**, the court found nothing in the case to contradict the allegation in Haynes' *Application to Probate Will and for Issuance of Letters Testamentary* that the decedent's residence was Anderson County. Respondent, also, suggested that different venue rules might apply to a trust. *Id.* Relators responded to the Court's inquiry on May 15, 2013, detailing the admissions and court findings in the record that established the decedent's residence in San Augustine County, the fact that the issue was uncontested and the fact that no trust was yet entitled to possession of the decedent's estate. (Tab 14, pp. XCI - XCIII).

On May 17, 2013, Haynes responded to the Court's inquiry by tendering

an amended pleading in the suit on the note that once again joined The Stone Haynes Living Trust as a plaintiff. (Tab 15, pp. XCIV - XCV, Tab 27, pp. CXLIV - CLI, *Second Amended Original Petition for Suit on Note*). Haynes misrepresented to the court that the changes made by the addition of the trust to the other suit authorized the court to deny Relators' motion in this case, despite the clear declaration of TEX. CIV. PRAC. & REM. CODE ANN., §15.006 that venue determinations are made on the basis of facts existing at the time the cause of action accrues, and not at some later date. (Tab 15, page XCV). On May 20, 2013, Relators responded to Haynes' amended pleadings and assertions, pointing out that only the venue of the probate matter was before the court and that, in any event, the addition of the trust to the suit on the note affords no new grounds for denial the venue transfer motion in either this probate matter or the the other suit. (Tab 16, pp. XCVI - C). On September 9, 2013, Respondent advised the parties that he would deny Relators' motion to transfer venue. (Tab 17, pp. CI - CIV). Finally, on February 10, 2015, Respondent signed an order denying the motion. (Tab 18, pp. CV - CVI). This application is made for a writ of mandamus compelling Respondent to vacate the order denying a venue change and to enter an order granting Relators' motion and transferring this suit to the County Court of San Augustine County, Texas, the court with probate jurisdiction in the proper venue.

## ARGUMENT AND AUTHORITIES

**A. STANDARD OF REVIEW:**

A mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 – 136 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). With respect to the resolution of factual issues or other matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker, 833 at 839.* But a trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker, 827 at 839.* If the trial court fails to analyze or apply the law correctly, it commits an abuse of discretion. *Walker, 827 at 840.* In this case, because the trial court's action was not based upon the resolution of disputed factual issues, its application of the law is not entitled to the deference extended to matters committed to the trial court's discretion. *See Walker, 827 at 839-840*, (holding that a trial court's determination of the legal principles controlling its ruling is treated less deferentially than its resolution of factual issues). And, because this case involves the trial court's failure to correctly apply a mandatory venue statute, Relators are not required to establish the lack of an adequate appellate remedy. *In re Missouri Pacific Railroad Co.*, 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding); *In re Transcontinental Realty Investors, Inc.*, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding); *In re Lemons*, 281 S.W.3d 643, 646 (Tex. App. –Tyler, 2009) (orig. proceeding).

**B. MANDAMUS RELIEF IS WARRANTED TO CORRECT THE TRIAL COURT'S REFUSAL TO GRANT RELATORS' MOTION TO TRANSFER VENUE OF THE PROBATE PROCEEDING TO SAN AUGUSTINE COUNTY, THE COUNTY OF THE DECEDENT'S DOMICILE AND RESIDENCE AT THE TIME OF HIS DEATH.**

There were no factual issues for the trial court to resolve in this case. Haynes' admissions contained in his response to interrogatories and his "Proof of Death and Other Facts," the findings of Respondent in the order admitting the decedent's will to probate and Haynes' failure to specifically deny the venue facts pled by Relators in their venue transfer motion, as required by **TEX. R. CIV. P., 87(3)(a)**, establish that the county of residence of the decedent, Stone Haynes, at the time of his death was San Augustine County and not Anderson County. Because it was **undisputed** that the decedent maintained his domicile and place of residence in San Augustine County at the time of his death, venue of these proceedings was proper under **TEX. PROB. CODE ANN., §6**, only in San Augustine County.

The Texas Probate Code specifically provided that:

> "Wills **shall** be admitted to probate, and letters testamentary or of administration **shall** be granted: (1) in the county where the decedent resided, if the decedent had a domicile or fixed place of residence in this State." TEX. PROB. CODE ANN., §6(1) [Emphasis added].

This statute provides for mandatory venue. *In re Graham*, **251 S.W.3d 844, 847 (Tex. App. –Austin, 2008) (orig. proceeding)**. Actions governed by a mandatory venue statute must be brought in the county required by that statute. **TEX. CIV. PRAC. & REM. CODE ANN., §15.016**. The admissions contained in

Haynes' responses to interrogatories and in his affidavit of proof of death and other facts, together with the trial court's determination that the county of decedent's domicile and residence at the time of his death was San Augustine County, would have justified either the trial court's refusal in the first instance to admit the will to probate in Anderson County, or its transfer of the probate matter to San Augustine County. It did neither.

The Texas Probate Code specifically provides a method for correcting improperly placed venue. If, on the application of any interested person before the final decree, it is made to appear to the probate court that the proceeding was commenced in a court without priority of venue, the court is required to transfer the proceeding to the proper county. **TEX. PROB. CODE ANN., §8A(a)**. The statute does not limit the review to an appeal of the order admitting the estate to probate or an appeal of the order closing the estate, but expressly provides that venue may be transferred at the request of any interested person before the final decree closing the estate. Relators filed their venue transfer motions in due order of pleadings but, although there was no dispute that the decedent's domicile and residence at the time of his death was San Augustine County, Respondent denied Relators' motion. Respondent's failure to analyze and apply the applicable law correctly amounted to a clear abuse of discretion.

The court's determinations under the mandatory venue statute are properly reviewed by mandamus. **TEX. CIV. PRAC. & REM. CODE ANN., §15.0642**. Because the failure to grant Relators' motion to transfer venue to the

county of proper mandatory venue was a clear abuse of discretion, this court should grant the Relators' application and issue a writ of mandamus directing Respondent to vacate the order overruling Relators' venue transfer motion that was entered on the 10th day of February, 2015, to grant Relators' motion and to order these proceedings transferred in accordance with **TEX. PROB. CODE ANN., §8A(a)** to the court of proper jurisdiction in San Augustine County, Texas, the county of proper venue, by transmitting to the County Court of San Augustine County, Texas, or other proper court in such county, the original file in such case, together with certified copies of all entries in the judge's probate docket theretofore made.

### CONCLUSION AND PRAYER

For the foregoing reasons, Relators request this court to:

(1) grant the Petition for Writ of Mandamus;

(2) direct the Respondent to:

(a)  vacate the order overruling Relators' *Motion to Transfer Venue*";

(b)  grant Relators' *Motion to Transfer Venue*; and

(c)  order these proceedings to be transferred to the County Court of San Augustine County, Texas, or other court of proper jurisdiction in San Augustine County, Texas, by transmitting to the proper court the original file in such case, together with certified copies of all entries in the judge's probate docket

**page 9**

theretofore made; and

(3)     Grant Relators such other and further relief to which they may be entitled.

Respectfully Submitted:

Thomas R. McLeroy, Jr.
P. O. Box 668
Center, Texas  75935
(936) 598-2701
FAX (936) 598-6086

BY: _____
Attorney for Relator.

## CERTIFICATE OF COMPLIANCE

In compliance with TEX. R. APP. P., 9.4(3), I certify that the word-count of the foregoing brief is 2,516 words.

_____
Attorney for Relator

## CERTIFICATION

THE STATE OF TEXAS }

COUNTY OF SHELBY }

BEFORE ME, the undersigned authority in and for said county and state, on this day personally appeared Thomas R. McLeroy, Jr., who, being by me duly sworn, upon his oath, deposed and stated as follows:

"I am Thomas R. McLeroy, Jr., I am the counsel for the Relator in the foregoing Petition for Writ of Mandamus. I have reviewed the foregoing Petition for Writ of Mandamus and have concluded that every factual statement in the said petition is supported by competent evidence included in the appendix or record."

_____
THOMAS R. MCLEROY, JR.

SWORN TO and SUBSCRIBED BEFORE ME by the said Thomas R. McLeroy, Jr., on this 3rd day of March, 2015, to certify which, witness my hand and official seal.

_____
Notary Public, State of Texas.

My Commission Expires: 12/31/16

page 11

**APPENDIX**
**(To Petition for Writ of Mandamus)**

**TAB 1**
**(Clerk's Certification of Copies)**

# CLERK'S CERTIFICATE
## CAUSE # 15063

**THE STATE OF TEXAS**

**COUNTY OF ANDERSON**

I Mark Staples, Clerk of the COUNTY COURT AT LAW in and for the County of Anderson, State of Texas, do hereby certify that the following is a true and correct copy of the following Probate Proceeding that is styled

## IN THE ESTATE OF STONE HAYNES

and listed under Cause No. 15063, as the same appears filed for record in my office.

1. DOCKET SHEETS
2. APPLICATION TO PROBATE WILL AND FOR ISSUANCE OF LETTERS TESTAMENTARY
3. LAST WILL AND TESTAMENT OF STONE HAYNES
4. ANSWERS TO APPLICANT'S FIRST SET OF INTERROGATORIES
5. PROOF OF DEATH AND OTHER FACTS
6. ORDER PROBATING WILL AND AUTHORIZING LETTERS TESTAMENTARY
7. INVENTORY, APPRAISEMENT AND LIST OF CLAIMS
8. MOTION TO TRANSFER VENUE
9. RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE
10. REPLY TO BEN HAYNES' RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE
11. AMENDED REPLY TO BEN HAYNES' RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE
12. LETTER FROM THOMAS MCLEROY TO JUDGE JEFF DORAN DATED MARCH, 26, 2013

13. LETTER FROM JUDGE JEFF DORAN TO THOMAS MCLEROY AND JEFFREY COE DATED MAY 10, 2013

14. LETTER FROM THOMAS MCLEROY TO JUDGE JEFF DORAN DATED MAY 15, 2013

15. LETTER FROM JEFFREY COE TO JUDGE JEFF DORAN DATED MAY 17, 2013

16. LETTER FROM THOMAS MCLEROY TO JUDGE JEFF DORAN DATED MAY 20, 2013

17. LETTER FROM JUDGE JEFF DORAN TO THOMAS MCLEROY AND JEFFREY COE

18. ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE DATED FEBRUARY 10, 2015

19. LETTER FROM JEFFREY COE TO JUDGE JEFF DORAN DATED APRIL 19, 2013

In testimony whereof, witness my official hand and seal of office at Palestine, Texas this the 18th day of February, 2015.

Mark Staples
ANDERSON COUNTY CLERK

BY _Deborah Franklin_

Deborah Franklin, Deputy Clerk

TAB 2
(Docket Sheet, Cause No. 15063)

ANDERSON COUNTY PROBATE DOCKET
CAUSE # 15063

| IN THE ESTATE OF STONE HAYNES | FILE DATE: 07/24/2012 |
|---|---|
| APPLICANT: BENJAMIN STONE HAYNES | ATTORNEY: JACKSON HANKS<br>601 E LACY<br>Palestine TX<br>75801 |

| DATE | NATURE OF PROCEEDINGS |
|---|---|
| 8.8.12 | S/O _something_ will. |
| 12.11.12 | S/O |

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 4 OF 77

| IN THE ESTATE OF STONE HAYNES | FILE DATE: 07/24/2012 |
|---|---|
| APPLICANT: BENJAMIN STONE HAYNES | ATTORNEY: JACKSON HANKS<br>601 E LACY<br>Palestine TX<br>75801 |

| DATE | NATURE OF PROCEEDINGS |
|---|---|

5.10.13 Drafted and faxed letter.

9.9.13 Drafted, signed, faxed decision letter.

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 3 OF 77

TAB 3
(Application to Probate Will)

Cause No. _15063_

| | | | |
|---|---|---|---|
| IN THE MATTER OF THE | § | IN THE COUNTY COURT | PM 2:20 |
| | § | | |
| ESTATE OF STONE HAYNES, | § | AT LAW OF | WANDA BURKE COUNTY CLERK ANDERSON COUNTY, TX |
| | § | | |
| DECEASED | § | ANDERSON COUNTY, TEXAS | DEPUTY |

## APPLICATION TO PROBATE WILL AND
## FOR ISSUANCE OF LETTERS TESTAMENTARY

TO THE HONORABLE JUDGE OF SAID COURT:

BENJAMIN STONE HAYNES ("Applicant"), furnishes the following information to the Court in support of this Application for the probate of the written Will of **STONE HAYNES** (Decedent"), and for issuance of Letters Testamentary:

1.  Applicant is an individual interested in this Estate, being domiciled in and residing at 15572 Highway 175 East, Poynor, Texas 75782.

2.  Decedent died on **05-12-2012** in **San Augustine County, Texas**, at **86** years of age. Decedent's domicile at the time of his death was Anderson County, Texas.

3.  This Court has jurisdiction and venue because Decedent was domiciled in Texas and had a fixed place of residence in this County on the date of his death.

4.  Decedent owned property described generally as real estate, cash, personal effects and household goods of a probable value in excess of $20,000.00.

5.  Decedent left a valid written Will dated **06-29-2010**, which was never revoked and is filed herewith.

6.  No children were born to or adopted by Decedent after the date of the Will.

7.  Decedent was divorced from his first two spouses. Decedent is survived by his

J\EST-ADMIN\HAYNES.STONE.0712\APPLT\22840    Page 1 of 2

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE __5__ OF __72__

third wife, **JOHNNIE GODSEY**, who resides in San Augustine, Texas.

8.  Decedent's Will named Applicant as the Independent Executor to serve without bond or other security. Applicant is not disqualified by law from serving as such or from accepting Letters Testamentary, and Applicant would be entitled to such Letters.

9.  Neither the State of Texas, any agency there of or any charitable organization was named as a beneficiary under the will.

10.  Decedent did not receive Medicaid benefits for five years preceding his death.

11.  Applicant requests he be appointed as the Independent Executor, to serve without bond, and additionally requests that no action be had in the probate court in relation to the settlement of the Decedent's estate, other than the probating and recording of the Decedent's will, and the return of an inventory, appraisement and list of claims of the Decedent's estate.

12.  The subscribing witnesses to the Will are **JOHNNY CRUSETURNER** whose address is Pineland, Texas and **VIRGINIA STEDDUM** whose address is Pineland, Texas.

**WHEREFORE**, Applicant prays that citation issue as required by law to all persons interested in this Estate; that the Will be admitted to probate; that Letters Testamentary be issued to **BENJAMIN STONE HAYNES**, and that all other Orders be entered as the Court may deem proper.

JACKSON HANKS, P.C.

By: _____
JACKSON HANKS
605 East Lacy Street
Palestine, Texas 75801
Telephone: (903) 729-0158
Facsimile: (903) 729-0159
State Bar No. 08915700
Attorney for Applicant

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE____6____OF____77

FILED FOR RECORD

2012 JUL 24 PM 2:20

WANDA BURKE
COUNTY CLERK
ANDERSON COUNTY, TX
BY _____ DEPUTY

*15063*

# LAST WILL AND TESTAMENT

## OF

## STONE HAYNES

I, **STONE HAYNES**, residing in San Augustine County, Texas, being of sound and disposing mind and memory, and not acting under duress, menace, fraud, or undue influence of any person, declare this to be my last will and testament, hereby revoking all previous wills and codicils.

## ARTICLE ONE

## PERSONAL INFORMATION

I am not married a the time of the execution of this Will. I have six children whose names are: **LINDA CHEESMAN LANDSIDLE, BARBARA DIANE HAYNES SMITH, BENJAMIN STONES HAYNES, STONE HAYNES, JR., HONEY HAYNES** and **HOUSTON HAYNES.**

I have no deceased children.

## ARTICLE TWO

## TAXES

All estate, inheritance, succession or other death taxes, duties, charges, or assessments, imposed on or in relation to any property by reason of my death, whether passing under this will or otherwise, shall be paid by my Executor out of the residue of my estate, without proration of any charge therefor against any person who receives such property under the terms of this will or otherwise.

## ARTICLE THREE

## DEBTS AND EXPENSES OF ADMINISTRATION

I direct that my Executor pay all of my just debts, all administration expenses and funeral expenses be paid as soon as practicable after my death, except that any debts which are payable in installments or are not due until at least one year from the date of my death need not be paid during the administration of my estate, but may, if the terms of such debts permit, be continued and paid according to their tenor. My Executor may, in his sole discretion, pay from my domiciliary estate all or any portion of the costs of ancillary administration and similar proceedings in other jurisdictions.

FOR IDENTIFICATION:

S.H.

J:\Est-Plan\Haynes, Stone.0610.22094\LW&T.2.wpd . 2     Page XXH

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ___/___ OF ___

## ARTICLE FOUR

## ENTIRETY OF ESTATE

I hereby give, devise and bequeath the entirety of my estate, whether real, personal or mixed property, whether now existing or hereafter acquired unto the Trustee of the **STONE HAYNES LIVING TRUST dated 06-2 9-2010**, to be held, administered and distributed as set forth therein.

## ARTICLE FIVE

## APPOINTMENT OF EXECUTOR

I hereby appoint **BENJAMIN STONE HAYNES** to be the Independent Executor of this will, to serve without bond and without compensation, and I direct that no action be had in the County Court at Law, County Court or Probate Court in relation to the settlement of my estate other than the probating and recording of this my Last Will and Testament and the return of the statutory Inventory, Appraisement and List of Claims of my estate. In the event, however, my duly appointed Executor is, for any reason, unable to act, ceases to act, becomes unable to act, fails to qualify or ceases to serve hereunder, then I hereby appoint **JOHNNIE GODSEY and LINDA CHEESMAN LANDSIDLE** to serve as the Successor Co-Executrices, without bond but with reasonable compensation. I hereby direct the Successor Co-Executrices acting in said capacity, shall have all rights, privileges and duties as my appointed Independent Executor. In the event either duly appointed Successor Co-Executrices become unable to act, cease to serve, refuse to act or fail to qualify as such, I hereby appoint the other Successor Co-Executrix to serve singularly in said capacity as my sole Independent Successor Executrix, without bond. I hereby direct the Successor Executrix acting in said capacity, shall have all rights, privileges and duties as my appointed Independent Executor. My Independent Executor and any Successor Co-Executrix acting hereunder shall have and possess all the rights and powers and be subject to all of the duties and responsibilities conferred and imposed by the Texas Trust Code, as the said Code now stands or as it may hereafter be amended. My Executor and Successor Co-Executrices shall be independent of the supervision and direction of all courts to the fullest extent permitted by law.

References in this will to my Executor shall apply equally to my Executor and any Successor Executrix should any one or more render services in such capacity under the terms of this will.

FOR IDENTIFICATION:

_____
S. H.

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK ANDERSON COUNTY PAGE 8 OF 77

# ARTICLE SIX

## FIDUCIARY POWERS

Subject only to the terms of this will, my Independent Executor and any Successor Co-Executrice(s) acting hereunder shall have full power and authority to do all things reasonably necessary for the settlement of my estate, including all powers, rights, duties and privileges set forth in the Texas Trust Code, as it now stands or may hereafter be amended, including but not being limited to the following powers:

### RETENTION OF ASSETS

To retain any property in the Estate for as long as my Executor considers it advisable.

### INVESTMENTS

To invest and reinvest in every kind of property and investment which men of prudence, discretion, and intelligence acquire for their own accounts.

### MANAGEMENT

To manage, control, repair, and improve all Estate property; to construct, alter, or repair buildings or structures on real property; to settle boundary lines, easements, and other rights with respect to real property; to partition and join with co-owners and others in dealing with real property in any manner.

### SELL AND EXCHANGE

To sell any Estate property at public or private sale, including real, personal or mixed property, at such time and price and upon such terms and conditions (including credit) as my Executor may determine, and to exchange any Estate property.

### ADJUSTMENT OF CLAIMS

To adjust or compromise any claim for or against the Estate, and to agree to any rescission or modification of any contract or agreement.

### LEASING AND MINERAL RIGHTS

To lease any property for terms within or beyond the duration of the Estate for any purpose which the Executor in his discretion may deem advisable, with or without an option to purchase, and to make such improvements or effect such repairs or replacements to any real estate of the Estate, and to charge the expense therefor to principal or income or part thereof to each as the Executor may deem proper, and to develop such property, to subdivide the property, dedicate it to public use, or grant easements therein, and to execute instruments relating to the exploration and removal of oil, gas, liquid or gaseous hydrocarbons, sulphur, metals, and/or any and all other metals, minerals, or natural resources, with or without unitization clauses or pooling provisions in such a manner and for such terms as the Executor may deem advisable; and any such lease or agreement made with respect thereto shall be binding for the full term thereof even though it may extend beyond the duration of the administration of my Estate.

FOR IDENTIFICATION:

_6. H._
S. H.

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE _9_ OF _77_

## BORROWING

To borrow money from himself individually or from others upon such terms and conditions as the Executor may in his discretion deem advisable, and to mortgage or pledge or otherwise encumber or hypothecate assets of this Estate.

## DIVISION AND DISTRIBUTION

On any division, or distribution of my estate, in the discretion of the Executor, to divide and distribute property of the estate in money or in kind, including undivided interest, or partly in money and partly in kind, including undivided interest; to exercise such powers, herein conferred, until the termination of the administration of my Estate.

## RESIGNATION

Upon giving thirty (30) days written notice to the adult beneficiaries under this will, the Executor or the Successor Executrix may resign. Any court of competent jurisdiction may then appoint a Successor Executor who shall serve under the same terms and conditions as herein provided for the Executor.

This instrument shall always be construed in favor of the validity of any act or omission of my Executor and he shall not be liable for any act or omission except in the case of gross negligence, bad faith or fraud.

## ARTICLE SEVEN

## NO-CONTEST CLAUSE

I vest in my Executor and Successor Executrix if acting, the authority to construe this Will and to resolve all matters pertaining to disputed issue or controverted claims. I do not want to burden my estate with the cost of a litigated proceeding to resolve questions of law of fact unless that proceeding is originated by my Executor or with his prior written permission. Any other person, agency or organization who originates, (or who shall cause to be instituted) a judicial proceeding to construe or contest this Will or to resolve any claim or controversy in the nature of reimbursement, constructive or resulting trust or other theory which if assumed as true, would enlarge (or originate) the claimant's interest in my estate, will forfeit any amount to which that person, agency, or organization is or may be entitled, and the interest of any such litigant or contestant will pass if he or she had predeceased me. In the event any person, whether related to me by blood or not shall either directly or indirectly attempt to oppose, contest or seek to set aside the probate of this Will or to impair or invalidate any of the provisions of this Will and such person shall establish a right to any part of my estate, I give and bequeath to such person the sum of one ($1.00) dollar only and no further interest in my estate whatsoever.

FOR IDENTIFICATION:

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE _10_ OF _77_

# ARTICLE EIGHT

## MISCELLANEOUS

This instrument shall always be construed in favor of the validity of any act or omission of my Executor and he shall not be liable for any act or omission except in the case of gross negligence, bad faith or fraud.

All references herein to "child" or "children" shall include both natural children and descendants and those legally adopted into the line of descent. All references to the "Internal Revenue Code" or "Code" shall be to the Internal Revenue Code of 1954, as it exists at the time of execution of this will or as amended from time to time thereafter, unless otherwise designated, or to its successor statute.

The word "Executor" shall include both the singular and the plural and shall mean the Executor or Successor Executrices or Successor Executrix acting hereunder at any time, whether one or more.

As used in this will, the masculine, feminine and neuter genders shall each be deemed to include the others unless the context requires otherwise. The singular shall include the plural and the plural shall include the singular wherever the context of this will permits.

IN TESTIMONY WHEREOF, I hereunder sign my name to this my Last Will and Testament, consisting of this and four (4) preceding pages (each of which I am initialing or signing for the purpose of identification), all in the presence of the undersigned who witness the same at my request, on this _29_ day of **June, 2010.**

_____
STONE HAYNES

FOR IDENTIFICATION:

_____
S. H.

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ___ OF ___

The foregoing instrument was subscribed in our presence by **STONE HAYNES** who declared in our presence that the same was his Last Will and Testament; thereafter, we, the undersigned, each over fourteen (14) years of age, at his request, in his presence, and in the presence of each other, subscribed our names hereto as attesting witnesses, on this ____ day of **June, 2010.**

_Johnny Crusefurner_
Johnny Crusefurner

residing at

P. O. Box 51
Pineland, TX 75968

_Virginia Stoddun_
Virginia Stoddun

residing at

P. O. Box 51
Pineland, TX 75968

FOR IDENTIFICATION:

_S. H._
S. H.

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK ANDERSON COUNTY
PAGE ___ OF ___

THE STATE OF TEXAS ~

COUNTY OF SAN AUGUSTINE ~

BEFORE ME, the undersigned authority, on this day personally appeared **STONE HAYNES**, _Johnny Cruseturner_ and _Virginia Steddum_, known to me to be the Testator and witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of the said persons being duly sworn, the said **STONE HAYNES**, the Testator, declared to me and to the said witnesses in my presence that the said instrument is his Last Will and Testament, and that he had willingly made and executed it as his own free act and deed for the purposes therein expressed; and the said witnesses, each on his or her oath, stated to me, in the presence and hearing of the Testator, that the said Testator had declared to them that such instrument is his Last Will and Testament and that he had executed the same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said Testator and at his request; that they were at the time eighteen (18) years of age or over and was of sound mind; and that each of the said witnesses was then at least fourteen (14) years of age.

_Stone Haynes_
_____
**STONE HAYNES**, Testator

_Johnny Cruseturner_
_____
Johnny Cruseturner Witness

_Virginia Steddum_
_____
Virginia Steddum Witness

SWORN TO AND SUBSCRIBED BEFORE ME by the said **STONE HAYNES**, Testator, this 29th day of **June, 2010**, to certify which witness my hand and seal of office.

_Bobbie McMillan_
_____
Notary Public in and for the State of Texas

BOBBIE MCMILLAN
MY COMMISSION EXPIRES
August 16, 2012

SWORN TO AND SUBSCRIBED BEFORE ME by the said _Johnny Cruseturner_ and _Virginia Steddum_, witnesses, this 29th day of **June, 2010**, to certify which witness my hand and seal of office.

_Bobbie McMillan_
_____
Notary Public in and for the State of Texas

BOBBIE MCMILLAN
MY COMMISSION EXPIRES
August 16, 2012

page XXVIII

J:\Est-Plan\Haynes, Stone.0610.22094\LW&T.2.wpd . 2     Page 7 of 7

FOR IDENTIFICATION:
CERTIFIED TO BE A TRUE AND
CORRECT COPY _____
                    S. H.

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 13 OF 71

TAB 4
(Answers to Interogatories)

Cause No. 15,063


FILED FOR RECORD

2012 AUG -3 PM 2:33

WANDA BURKE
COUNTY CLERK
ANDERSON COUNTY. TX

BY_____DEPUTY

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | IN THE COUNTY COURT |
| | § | |
| ESTATE OF STONE HAYNES, | § | AT LAW OF |
| | § | |
| DECEASED | § | ANDERSON COUNTY, TEXAS |

### ANSWERS TO APPLICANT'S FIRST SET OF INTERROGATORIES

BENJAMIN STONE HAYNES, Applicant in the above-entitled and numbered cause makes these answers to interrogatories as set forth on the interrogatories attached and incorporated by reference in this answer the same as if fully copies and set forth at length.

Interrogatory #1.    " Is your true and correct name BENJAMIN STONE HAYNES?

Response to Interrogatory #1.    YES.

Interrogatory #2.    "Are you related to the decedent, STONE HAYNES, as his son?

Response to Interrogatory #2.    YES.

Interrogatory #3.    "Did STONE HAYNES die in San Augustine County, Texas on 05-12-2012 at the age of 86 years?

Response to Interrogatory #3.    YES.

Interrogatory #4.    "Have four (4) years elapsed since the date of his death?

Response to Interrogatory #4.    NO.

Interrogatory #5.    "Was STONE HAYNES domiciled in and did he have a fixed place of residence in San Augustine County, Texas at the time of his death?

Response to Interrogatory #5.    YES.

Interrogatory #6.    "Did STONE HAYNES own real and personal property of a probable value in excess of $20,000.00 at the time of his death?

CERTIFIED TO BE A TRUE AND
CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 14 OF 72

Response to Interrogatory #6.     **YES.**

Interrogatory #7.     "Did **STONE HAYNES** leave a written will at his death?

Response to Interrogatory #7.     **YES.**

Interrogatory #8.     "Is the document copy attached hereto as Exhibit "A", which is dated **06-29-2010**, the Last Will and Testament of **STONE HAYNES?**

Response to Interrogatory #8.     **YES.**

Interrogatory #9.     "Did **STONE HAYNES** make any other wills or codicils after **06-29-2010** to the best of your knowledge?

Response to Interrogatory #9.     **NO.**

Interrogatory #10.     "Was the will ever revoked by **STONE HAYNES?**

Response to Interrogatory #10.     **NO.**

Interrogatory #11.     "At the time of the making of the Will, was **STONE HAYNES** at least 18 years of age, having testamentary intent?

Response to Interrogatory #11.     **YES.**

Interrogatory #12.     "Was the will executed with the solemnities and formalities, and under the circumstances required by the Texas Probate Code to make it a valid testamentary instrument?

Response to Interrogatory #12.     **YES.**

Interrogatory #13.     "Was the will self-proved in the manner provided by law?

Response to Interrogatory #13.     **YES.**

Interrogatory #14.     "Was the decedent ever divorced, and if so, from whom, when, and in what county?

Response to Interrogatory #14.     **YES**, from Bennie Douglas as well as Darlene Pickett, in Orange County, Texas.

J\EST\ADM\HAYNES.STONE.0712\INTERR-ANS\22840

Page 2 of 4

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK ANDERSON COUNTY PAGE___15___OF___77___

Interrogatory #15.      "Were any children born to or adopted by the decedent after the making of the will?

Response to Interrogatory #15.      NO.

Interrogatory #16.      "Is STONE HAYNES survived by his wife, JOHNNIE GODSEY and by his children, LINDA CHEESMAN LANDSIDLE, BARBARA DIANE HAYNES SMITH, BENJAMIN STONE HAYNES, STONE HAYNES, JR., HONEY HAYES and HOUSTON HAYNES?

Response to Interrogatory #16.      YES.

Interrogatory #17      "Did the will name BENJAMIN STONE HAYNES as the Independent Executor?

Response to Interrogatory #17.      YES.

Interrogatory #18.      "Is there a necessity for an administration upon the decedent's estate?

Response to Interrogatory #18.      YES.

Interrogatory #19.      "Are there any debts or liens owing by the decedent's estate which are not secured by a lien on real property?

Response to Interrogatory #19.      YES.

Interrogatory #20.      "Is either the State of Texas, any agency thereof or a charitable institution named as a beneficiary under STONE HAYNES's will?

Response to Interrogatory #20.      NO.

Interrogatory #21.      "Do you request this Honorable Court to admit the Last Will and Testament of STONE HAYNES, dated 06-29-2010, to Probate?

Response to Interrogatory #21.      YES.

Interrogatory #22.      "Do you request this Honorable Court to vest you with Letters Testamentary following the filing of the Oath, as required by law, and to authorize the issuance of Letters Testamentary to you following the taking

J\EST\ADM\HAYNES.STONE.0712\INTERR-ANS\22840

Page 3 of 4



CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK ANDERSON COUNTY

PAGE 16 OF 77

of your Oath of Office?

Response to Interrogatory #22.     **YES.**

Interrogatory #23.     "Are you, **BENJAMIN STONE HAYNES**, entitled, and not disqualified by law, to receive Letters Testamentary?

Response to Interrogatory #23.     **YES.**"

_Benjamin Stone Haynes_
**BENJAMIN STONE HAYNES**

### VERIFICATION

THE STATE OF TEXAS             ~

COUNTY OF Henderson        ~

BEFORE ME, the undersigned authority, on this day personally appeared **BENJAMIN STONE HAYNES**, who, being by me duly sworn on oath deposed and said that she is the Applicant in the above-entitled and numbered cause; that she has read the above Answers to Interrogatories; and that every statement contained in the Answers to Interrogatories is within her personal knowledge and is true and correct.

_Benjamin Stone Haynes_
**BENJAMIN STONE HAYNES**

SUBSCRIBED AND SWORN TO BEFORE ME on the ___1___ day of **August, 2012**, by **BENJAMIN STONE HAYNES**, to certify which witness my hand and seal of office.

> MELANIE DUNN
> Notary Public, State of Texas
> My Commission Expires
> July 14, 2014

Notary Public in and for the State of Texas

J\EST\ADM\HAYNES.STONE.0712\INTERR-ANS\22840

Page 4 of 4

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ___17___ OF ___17___

Exhibit "A"

15063

# LAST WILL AND TESTAMENT

## OF

## STONE HAYNES

FILED FOR RECORD
2012 JUL 24 PM 2:20
WANDA BURKE
COUNTY CLERK
ANDERSON COUNTY, TX
BY_____ DEPUTY

I, **STONE HAYNES**, residing in San Augustine County, Texas, being of sound and disposing mind and memory, and not acting under duress, menace, fraud, or undue influence of any person, declare this to be my last will and testament, hereby revoking all previous wills and codicils.

### ARTICLE ONE

### PERSONAL INFORMATION

I am not married a the time of the execution of this Will. I have six children whose names are: **LINDA CHEESMAN LANDSIDLE, BARBARA DIANE HAYNES SMITH, BENJAMIN STONES HAYNES, STONE HAYNES, JR., HONEY HAYNES** and **HOUSTON HAYNES.**

I have no deceased children.

### ARTICLE TWO

### TAXES

All estate, inheritance, succession or other death taxes, duties, charges, or assessments, imposed on or in relation to any property by reason of my death, whether passing under this will or otherwise, shall be paid by my Executor out of the residue of my estate, without proration of any charge therefor against any person who receives such property under the terms of this will or otherwise.

### ARTICLE THREE

### DEBTS AND EXPENSES OF ADMINISTRATION

I direct that my Executor pay all of my just debts, all administration expenses and funeral expenses be paid as soon as practicable after my death, except that any debts which are payable in installments or are not due until at least one year from the date of my death need not be paid during the administration of my estate, but may, if the terms of such debts permit, be continued and paid according to their tenor. My Executor may, in his sole discretion, pay from my domiciliary estate all or any portion of the costs of ancillary administration and similar proceedings in other jurisdictions.

FOR IDENTIFICATION:

S. H.

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 18 OF 77



## ARTICLE FOUR

## ENTIRETY OF ESTATE

I hereby give, devise and bequeath the entirety of my estate, whether real, personal or mixed property, whether now existing or hereafter acquired unto the Trustee of the **STONE HAYNES LIVING TRUST dated 06-2*9*-2010**, to be held, administered and distributed as set forth therein.

## ARTICLE FIVE

## APPOINTMENT OF EXECUTOR

I hereby appoint **BENJAMIN STONE HAYNES** to be the Independent Executor of this will, to serve without bond and without compensation, and I direct that no action be had in the County Court at Law, County Court or Probate Court in relation to the settlement of my estate other than the probating and recording of this my Last Will and Testament and the return of the statutory Inventory, Appraisement and List of Claims of my estate. In the event, however, my duly appointed Executor is, for any reason, unable to act, ceases to act, becomes unable to act, fails to qualify or ceases to serve hereunder, then I hereby appoint **JOHNNIE GODSEY and LINDA CHEESMAN LANDSIDLE** to serve as the Successor Co-Executrices, without bond but with reasonable compensation. I hereby direct the Successor Co-Executrices acting in said capacity, shall have all rights, privileges and duties as my appointed Independent Executor. In the event either duly appointed Successor Co-Executrices become unable to act, cease to serve, refuse to act or fail to qualify as such, I hereby appoint the other Successor Co-Executrix to serve singularly in said capacity as my sole Independent Successor Executrix, without bond. I hereby direct the Successor Executrix acting in said capacity, shall have all rights, privileges and duties as my appointed Independent Executor. My Independent Executor and any Successor Co-Executrix acting hereunder shall have and possess all the rights and powers and be subject to all of the duties and responsibilities conferred and imposed by the Texas Trust Code, as the said Code now stands or as it may hereafter be amended. My Executor and Successor Co-Executrices shall be independent of the supervision and direction of all courts to the fullest extent permitted by law.

References in this will to my Executor shall apply equally to my Executor and any Successor Executrix should any one or more render services in such capacity under the terms of this will.

FOR IDENTIFICATION:

_S.H._
**S. H.**

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK ANDERSON COUNTY
PAGE ___19___ OF ___77___

## ARTICLE SIX

## FIDUCIARY POWERS

Subject only to the terms of this will, my Independent Executor and any Successor Co-Executrice(s) acting hereunder shall have full power and authority to do all things reasonably necessary for the settlement of my estate, including all powers, rights, duties and privileges set forth in the Texas Trust Code, as it now stands or may hereafter be amended, including but not being limited to the following powers:

### RETENTION OF ASSETS

To retain any property in the Estate for as long as my Executor considers it advisable.

### INVESTMENTS

To invest and reinvest in every kind of property and investment which men of prudence, discretion, and intelligence acquire for their own accounts.

### MANAGEMENT

To manage, control, repair, and improve all Estate property; to construct, alter, or repair buildings or structures on real property; to settle boundary lines, easements, and other rights with respect to real property; to partition and join with co-owners and others in dealing with real property in any manner.

### SELL AND EXCHANGE

To sell any Estate property at public or private sale, including real, personal or mixed property, at such time and price and upon such terms and conditions (including credit) as my Executor may determine, and to exchange any Estate property.

### ADJUSTMENT OF CLAIMS

To adjust or compromise any claim for or against the Estate, and to agree to any rescission or modification of any contract or agreement.

### LEASING AND MINERAL RIGHTS

To lease any property for terms within or beyond the duration of the Estate for any purpose which the Executor in his discretion may deem advisable, with or without an option to purchase, and to make such improvements or effect such repairs or replacements to any real estate of the Estate, and to charge the expense therefor to principal or income or part thereof to each as the Executor may deem proper, and to develop such property, to subdivide the property, dedicate it to public use, or grant easements therein, and to execute instruments relating to the exploration and removal of oil, gas, liquid or gaseous hydrocarbons, sulphur, metals, and/or any and all other metals, minerals, or natural resources, with or without unitization clauses or pooling provisions in such a manner and for such terms as the Executor may deem advisable; and any such lease or agreement made with respect thereto shall be binding for the full term thereof even though it may extend beyond the duration of the administration of my Estate.

FOR IDENTIFICATION:

_S. H._

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE___20___OF___77___

## BORROWING

To borrow money from himself individually or from others upon such terms and conditions as the Executor may in his discretion deem advisable, and to mortgage or pledge or otherwise encumber or hypothecate assets of this Estate.

## DIVISION AND DISTRIBUTION

On any division, or distribution of my estate, in the discretion of the Executor, to divide and distribute property of the estate in money or in kind, including undivided interest, or partly in money and partly in kind, including undivided interest; to exercise such powers, herein conferred, until the termination of the administration of my Estate.

## RESIGNATION

Upon giving thirty (30) days written notice to the adult beneficiaries under this will, the Executor or the Successor Executrix may resign. Any court of competent jurisdiction may then appoint a Successor Executor who shall serve under the same terms and conditions as herein provided for the Executor.

This instrument shall always be construed in favor of the validity of any act or omission of my Executor and he shall not be liable for any act or omission except in the case of gross negligence, bad faith or fraud.

## ARTICLE SEVEN

### NO-CONTEST CLAUSE

I vest in my Executor and Successor Executrix if acting, the authority to construe this Will and to resolve all matters pertaining to disputed issue or controverted claims. I do not want to burden my estate with the cost of a litigated proceeding to resolve questions of law of fact unless that proceeding is originated by my Executor or with his prior written permission. Any other person, agency or organization who originates, (or who shall cause to be instituted) a judicial proceeding to construe or contest this Will or to resolve any claim or controversy in the nature of reimbursement, constructive or resulting trust or other theory which if assumed as true, would enlarge (or originate) the claimant's interest in my estate, will forfeit any amount to which that person, agency, or organization is or may be entitled, and the interest of any such litigant or contestant will pass if he or she had predeceased me. In the event any person, whether related to me by blood or not shall either directly or indirectly attempt to oppose, contest or seek to set aside the probate of this Will or to impair or invalidate any of the provisions of this Will and such person shall establish a right to any part of my estate, I give and bequeath to such person the sum of one ($1.00) dollar only and no further interest in my estate whatsoever.

FOR IDENTIFICATION:

_____
S. H.

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 21 OF 77

## ARTICLE EIGHT

## MISCELLANEOUS

This instrument shall always be construed in favor of the validity of any act or omission of my Executor and he shall not be liable for any act or omission except in the case of gross negligence, bad faith or fraud.

All references herein to "child" or "children" shall include both natural children and descendants and those legally adopted into the line of descent. All references to the "Internal Revenue Code" or "Code" shall be to the Internal Revenue Code of 1954, as it exists at the time of execution of this will or as amended from time to time thereafter, unless otherwise designated, or to its successor statute.

The word "Executor" shall include both the singular and the plural and shall mean the Executor or Successor Executrices or Successor Executrix acting hereunder at any time, whether one or more.

As used in this will, the masculine, feminine and neuter genders shall each be deemed to include the others unless the context requires otherwise. The singular shall include the plural and the plural shall include the singular wherever the context of this will permits.

IN TESTIMONY WHEREOF, I hereunder sign my name to this my Last Will and Testament, consisting of this and four (4) preceding pages (each of which I am initialing or signing for the purpose of identification), all in the presence of the undersigned who witness the same at my request, on this _29_ day of **June, 2010.**

_____
STONE HAYNES

J:\Est-Plan\Haynes, Stone.0610.22094\LW&T.2.wpd.2     Page 5 of 7

**page XXXVIII**

FOR IDENTIFICATION:

_____
**S. H.**

CERTIFIED TO BE A TRUE AND
CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ___ OF ___


The foregoing instrument was subscribed in our presence by **STONE HAYNES** who declared in our presence that the same was his Last Will and Testament; thereafter, we, the undersigned, each over fourteen (14) years of age, at his request, in his presence, and in the presence of each other, subscribed our names hereto as attesting witnesses, on this ____ day of **June, 2010.**

*Johnny Crusefurner*
Johnny Crusefurner                    residing at          P. O. Box 51
                                                            PINELAND, TX 75968


*Virginia Stoddum*
Virginia Stoddum                      residing at          P. O. Box 51
                                                            PINELAND, TX 75968

FOR IDENTIFICATION:

S. H.
**S. H.**

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ___23___ OF ___77___

THE STATE OF TEXAS      ~

COUNTY OF SAN AUGUSTINE    ~

BEFORE ME, the undersigned authority, on this day personally appeared **STONE HAYNES**, _Johnny Cruseturner_ and _Virginia Steddum_ , known to me to be the Testator and witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of the said persons being duly sworn, the said **STONE HAYNES**, the Testator, declared to me and to the said witnesses in my presence that the said instrument is his Last Will and Testament, and that he had willingly made and executed it as his own free act and deed for the purposes therein expressed; and the said witnesses, each on his or her oath, stated to me, in the presence and hearing of the Testator, that the said Testator had declared to them that such instrument is his Last Will and Testament and that he had executed the same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said Testator and at his request; that they were at the time eighteen (18) years of age or over and was of sound mind; and that each of the said witnesses was then at least fourteen (14) years of age.

_____
**STONE HAYNES**, Testator

_____
Johnny Cruseturner Witness

_____
Virginia Steddum Witness

SWORN TO AND SUBSCRIBED BEFORE ME by the said **STONE HAYNES**, Testator, this 29th day of **June, 2010**, to certify which witness my hand and seal of office.



BOBBIE MCMILLAN
MY COMMISSION EXPIRES
August 16, 2012

_____
Notary Public in and for the State of Texas

SWORN TO AND SUBSCRIBED BEFORE ME by the said _Johnny Cruseturner_ and _Virginia Steddum_ , witnesses, this 29th day of **June, 2010**, to certify which witness my hand and seal of office.

BOBBIE MCMILLAN
MY COMMISSION EXPIRES
August 16, 2012

_____
Notary Public in and for the State of Texas

FOR IDENTIFICATION:

S. H.

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 24 OF 11

TAB 5
(Proof of Death and Other Facts)

Cause No. 15,063

<table>
<tr><td>IN THE MATTER OF THE</td><td>§<br>§</td><td>IN THE COUNTY COURT</td></tr>
<tr><td>ESTATE OF STONE HAYNES,</td><td>§<br>§</td><td>AT LAW OF</td></tr>
<tr><td>DECEASED</td><td>§</td><td>ANDERSON COUNTY, TEXAS</td></tr>
</table>

FILED FOR RECORD

2012 AUG -3 PM 2: 33

WANDA BURKE
COUNTY CLERK
ANDERSON COUNTY, TX
BY_____DEPUTY

## PROOF OF DEATH AND OTHER FACTS

On this day, BENJAMIN STONE HAYNES ("Affiant") personally appeared, and after being duly sworn, deposed and said that:

1.    "STONE HAYNES (Decedent) died on May 17, 2012, in San Augustine County, Texas, at the age of **86 years.** Four years have not elapsed since the date of the decedent's death.

2.    "The decedent was domiciled and had a fixed place of residence in San Augustine County, Texas on the date of his death.

3.    "To the best of my knowledge the decedent died testate.

4.    "Citation has been served and returned in the manner and for the length of time required by the Texas Probate Code.

5.    "The decedent's will was self-proven, and was executed with the formalities and solemnities and under the circumstances required by law to make it a valid will; and, at the time his will was signed, the Decedent was over eighteen (18) years of age and was of sound mind.

6.    "To the best of my knowledge, the will filed for probate was never revoked by **STONE HAYNES.**

J:\EST\ADM\HAYNES.STONE.0712\PROOF\22840       Page 1 of 2

CERTIFIED TO BE A TRUE AND
CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 25 OF 77

7. "BENJAMIN STONE HAYNES is named in Decedent's will as the Independent Executor.

8. "BENJAMIN STONE HAYNES is not disqualified by law from accepting Letters Testamentary or from serving as Independent Executor and is entitled to such Letters."

Signed this ____1____ day of **August, 2012.**

_____
**BENJAMIN STONE HAYNES**

        **SWORN TO AND SUBSCRIBED BEFORE ME** on this the ____1____ day of **August, 2012,** by **BENJAMIN STONE HAYNES,** to certify which witness my hand and seal of office.

MELANIE DUNN
Notary Public, State of Texas
My Commission Expires
July 14, 2014

_____
Notary Public in and for the State of Texas

J:\EST\ADM\HAYNES.STONE.0712\PROOF\22840    Page 2 of 2

page XLIII

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE_____26_____ OF_____77_____

TAB 6
(Order Probating Will)

Cause No. 15,063

FILED FOR RECORD

2012 AUG -8 AM 8:42

WANDA BURKE
COUNTY CLERK
ANDERSON COUNTY, TX
BY_____DEPUTY

| IN THE MATTER OF THE | § | IN COUNTY COURT |
| | § | |
| ESTATE OF STONE HAYNES, | § | AT LAW OF |
| | § | |
| DECEASED | § | ANDERSON COUNTY, TEXAS |

## ORDER PROBATING WILL AND
## AUTHORIZING LETTERS TESTAMENTARY

On this day came on to be heard the Application filed herein by **BENJAMIN STONE HAYNES**, on the 24th day of **July, 2012**, for the probate of the Last Will & Testament of **STONE HAYNES**, hereinafter called Decedent, and for the issuance of Letters Testamentary.

The Court, after having heard and considered the evidence, finds that legal notices of the filing of said Application have been issued and posted in the manner and for the length of time required by law, and no one came to contest same; and it further appearing that Decedent died in San Augustine County, Texas on **May 12, 2012**; that this Court has jurisdiction and permissive venue over the estate as the Decedent was domiciled in San Augustine County, Texas at the time of his death. The court further finds that four years have not elapsed since the death of Decedent or prior to the said Application; that Decedent, at the time of executing said Will, was over eighteen (18) years of age and of sound mind; that said Will was executed on **06-29-2010**, with the formalities and solemnities and under the circumstances required by law to make it a valid Will; and that such Will has not been revoked by Decedent; and that no state or governmental agency of the state was named in the Will as a devisee, nor were charitable institutions named in

Page 1 of 3

page XLV



CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 27 OF 77

the Will as beneficiaries; and that Applicant has requested that he be appointed as the Independent Executor, to serve without bond, and that the Independent Executor have additionally requested that no other action be had in the probate court in relation to the settlement of the Decedent's Estate other than the probate and recording of the Decedent's Will and the return of an Inventory, Appraisement and List of Claims of the Decedent's estate; that Decedent's Will named Applicant to serve as Independent Executrix without bond or other security, in which capacity Applicant would not be disqualified by law from serving as such or from accepting Letters Testamentary, and Applicant would be entitled to such Letters.

This Honorable Court finds that no Medicaid benefits were paid for the benefit of the decedent in the last five years.

**IT IS THEREFORE, ORDERED AND DECREED** by the Court that said Will is hereby proven, established and admitted to probate and recorded as the **LAST WILL AND TESTAMENT** of **STONE HAYNES**, Deceased, and that **BENJAMIN STONE HAYNES** be, and is hereby appointed Independent Executor of said Will and Estate without bond.

**IT IS FURTHER ORDERED** by the Court that Letters Testamentary upon the Will and Estate of **STONE HAYNES** Deceased, be and the same are hereby granted to **BENJAMIN STONE HAYNES,** upon taking the oath as required by law; and the Clerk is further required to issue Letters Testamentary in accordance with this Order to **BENJAMIN STONE HAYNES,** when qualified according to law, and no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims as required by law.



Page 2 of 3

page XLVI



CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE _28_ OF _77_

SIGNED this **8**th day of **August, 2012**.

_____
HON. JEFF DORAN,
JUDGE PRESIDING

**APPROVED AS TO FORM:**

JACKSON HANKS, P.C.

By: _____
JACKSON HANKS
601 East Lacy Street
Palestine, Texas 75801
Telephone: (903) 729-0158
Facsimile: (903) 731-4572
State Bar No. 08915700
Attorney for Applicant

Page 3 of 3

page XLVII


CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE __29__ OF __77__

TAB 7
(Inventory)

FILED FOR RECORD

2012 OCT 15 AM 9: 40

WANDA BURKE
COUNTY CLERK

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | IN THE COUNTY COURT |
| | § | |
| ESTATE OF STONE HAYNES, | § | AT LAW OF ANDERSON COUNTY, TX |
| | § | BY _____ DEPUTY |
| DECEASED | § | ANDERSON COUNTY, TEXAS |

## INVENTORY, APPRAISEMENT
## AND LIST OF CLAIMS

### Date of Death: 05-12-2012

The following is a full, true and complete Inventory and Appraisement of all personal property and of all real property situated in the State of Texas, together with a List of Claims due and owing to this Estate as of the date of death, which have come to the possession or knowledge of the undersigned.

### INVENTORY AND APPRAISEMENT

Real Property (See Schedule A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $7,065.00

Stocks, Bonds, Mutual Funds and Cash (See Schedule B) . . . . . . . . . . . . . . . . . . . . . . . . $-0-

Insurance Payable to Estate (See Schedule C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $-0-

Miscellaneous Property (See Schedule D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $4,000.00

Claim Due Decedent's Estate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $172,778.88

**DECEDENT'S TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$183,843.88**

### LIST OF CLAIMS

Claimed principal due on note owed to Decedent's Estate by the Estate of Gary L. Davidson and Jeannette B. Davidson in Cause No. 11953 styled Estate of Stone Haynes, Deceased vs. Gary L. Davidson Deceased and Jeannette B. Davidson in the County Court at Law of Anderson County, Texas. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $172,778.88

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 30 OF 77



The foregoing Inventory, Appraisement and List of Claims should be approved and ordered entered of record.

Respectfully submitted,

**JACKSON HANKS, P.C.**

By: _____
JACKSON HANKS
Attorney for Estate
601 East Lacy Street
Palestine, TX  75801
Telephone: 903-729-0158
Facsimile: 903-731-4572
Bar #08915700


_____
**BENJAMIN STONE HAYNES,**
Independent Executor


SUBSCRIBED AND SWORN TO BEFORE ME by **BENJAMIN STONE HAYNES**, this __12__ day of **October, 2012.**



MELANIE DUNN
Notary Public, State of Texas
My Commission Expires
July 14, 2014

_____
Notary Public in and for the State of Texas



CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE___31___ OF ___77___

# SCHEDULE "A"

**REAL PROPERTY**

4.712 acres of land, HT&B Ry. Section No. 3, A-131, Sabine County, Texas . . . . . . . . $7,065.00

**DECEDENT'S INTEREST in
SCHEDULE "A" PROPERTY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$7,065..00**

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ___3 2__ OF __7 7__

## SCHEDULE "B"

**STOCKS, BONDS, MUTUAL FUNDS and CASH**

None . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $-0-


**DECEDENT'S INTEREST in**
**SCHEDULE "B" PROPERTY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $-0-

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 33 OF 77

## SCHEDULE "C"

**INSURANCE PAYABLE TO ESTATE**

None . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ -0-

**DECEDENT'S INTEREST in**
**SCHEDULE "C" PROPERTY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $-0-

CERTIFIED TO BE A TRUE AND
CORRECT COPY



MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE _34_ OF _77_

## SCHEDULE "D"

**MISCELLANEOUS PROPERTY**

2002 Chevrolet Pick-up . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,500.00

Personal furniture, furnishings and personal possessions . . . . . . . . . . . . . . . . . . . . . . . $1,500.00

**DECEDENT'S INTEREST in
SCHEDULE "D" PROPERTY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$4,000.00**

CERTIFIED TO BE A TRUE AND
CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE   35  OF   77

TAB 8
(Motion to Transfer Venue)

No. 15,063

| | | |
|---|---|---|
| THE ESTATE OF | } | IN THE COUNTY COURT AT LAW, |
| STONE HAYNES, | } | |
| DECEASED. | } | ANDERSON COUNTY, TEXAS, |

## MOTION TO TRANSFER VENUE

TO THE SAID HONORABLE COURT:

NOW come JEANETTE B. DAVIDSON, Individually and as Independent Executor of the Estate of Gary L. Davidson, Deceased, a person interested in the decedent's estate being administered in the above styled and numbered matter, hereinafter referred to as "Movants," and move the court to enter its orders transferring these proceedings to the District Court of San Augustine County, Texas, the county of proper venue, and, thereunto, would show the Court as follows:

1.

Anderson County, where this action is pending, is not a county with proper venue of these proceedings, or, alternatively, mandatory venue of this action in San Augustine County is prescribed by TEX. PROB. CODE ANN., §6(1) and (2).

2.

Stone Haynes, the decedent herein, died in San Augustine County, Texas, on May 17, 2012. As found by this court in it's judgment admitting the decedent's will to probate, the decedent made his domicile in and was a resident of San Augustine County, Texas, at the time of his death. The principal part of decedent's estate was located in San Augustine County, Texas, at the time of his death and no part thereof was situated or located in Anderson County, Texas.

3.

Priority of venue of these proceedings is in San Augustine County, Texas, under TEX. PROB. CODE ANN., §6(1) and (2).

4.

No final decree terminating this matter has been entered and a transfer of these proceedings to the court of appropriate venue in San Augustine County, Texas, is mandated under TEX. PROB. CODE ANN., §8A.

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK ANDERSON COUNTY PAGE 36 OF 77

WHEREFORE, premises considered, Defendants pray that this court transfer these proceedings to the court of appropriate jurisdiction in San Augustine County, Texas, and for such other and further orders as to the court may seem necessary or proper.

Thomas R. McLeroy, Jr.
P. O. Box 668
Center, Texas 75935
(936) 598-2701
FAX (936) 598-6086

BY: _____
Attorney for Movants
Bar No. 13766800

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with TEX. R. CIV. P., 21.

Dated: 10/26/12

_____
Attorney for Movants

FILED FOR RECORD
2012 OCT 26 PM 2:54
WANDA BURKE
COUNTY CLERK
ANDERSON COUNTY, TX
BY_____ DEPUTY

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 37 OF 77



TAB 9
(Response to Defendants'
Motion to Transfer Venue)

CAUSE NO. 11953 and 15603 *15063 DB*

IN THE COUNTY COURT AT LAW BURKE
County Clerk, Anderson County, Texas
By _____ Deputy

POSTED

IN THE ESTATE OF       §

STONE HAYNES       §

DECEASED       §       ANDERSON COUNTY, TEXAS

BEN HAYNES AS INDEPENDENT
EXECUTOR OF THE ESTATE OF
STONE HAYNES, DECEASED,
PLAINTIFF

VS.

ESTATE OF GARY L. DAVIDSON,
DECEASED AND JEANETTE B.
DAVIDSON, DEFENDANTS

§
§
§
§
§
§
§
§
§
§
§

IN THE COUNTY COURT AT LAW

ANDERSON COUNTY, TEXAS

## RESPONSE TO DEFENDANT'S
## MOTION TO TRANSFER VENUE

**NOW COMES** PLAINTIFF, BEN HAYNES AS INDEPENDENT EXECUTOR OF

THE ESTATE OF STONE HAYNES, DECEASED, as Non-Movant herein, and files this

Response to Defendant's Motions to Transfer Venue, and shows the Court:

I.

The Non-Movant objects to Defendant's Motion to Transfer Venue on the

grounds that Anderson County is the county of proper venue and Movant has no

standing to object to venue in the probate matter. Movant was never made a party in

the probate action and has attempted hijacked the probate by filing a motion to transfer

venue in Cause No. 15,063 eventhough the only action in which citation has been

served and returned on Movant is in Cause No. 11953. The order admitting the will to

probate is a final order and was appealable. Texas Probate Code § 4A. The request

**RESPONSE TO MOTIONS TO TRANSFER VENUE**    page LIX    Page 1 of 5 Pages



CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 38 OF 77

to transfer the probate matter is untimely and has been waived. In *Jarvis v. Field*, the Court of Appeals specifically states that any objection to venue has been waived if not made prior to the admission of a will to probate. 327 S.W.3d 918 (Tex.App.—Corpus Christi 2010, no pet.). The Dallas Court of Appeals states that an order admitting a will to probate is a final appealable order unlike Movant's argument that "No final decree terminating this matter has been entered." *In re Hudson*, 325 S.W.3d 811 (Tex.App.—Dallas 2010, no pet.).

II.

Section 4A of the Texas Probate Code provides that all probate proceedings must be filed and heard in a court exercising original probate jurisdiction. "Probate proceeding" is synonymous with the terms "Probate matter," "Proceeding in probate," and "Proceedings for probate." Texas Probate Code § 3(bb) defines "probate proceeding" as a matter or proceeding related to the estate of a Decedent and specifically includes the following:

- The probate of a will with or without administration of the estate;

- The issuance of Letters Testamentary and of Administration;

- An heirship determination or small estate affidavit, community property administration, and homestead and family allowances;

- An application, petition, motion or action regarding the probate of a will or an estate administration, including a claim for money owed by the Decedent;

- A claim arising from an estate administration or any action brought on the claim;

page LXCERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 39 OF 77

- The settling of a probate representative's account of an estate and any other matter related to the settlement, partition or distribution of an estate; and

- A will construction suit.

These matters must be brought in a court exercising original probate jurisdiction. Since there is a county county court at law exercising original probate jurisdiction, a matter related to the probate proceeding includes the following:

- All matters and actions described in the preceding paragraph;

- The interpretation and administration of a testamentary trust if the will creating the trust has been admitted to probate in the court;

- The interpretation and administration of an inter vivos trust created by a Decedent whose will has been admitted to probate in the court.

TPC § 4B(b).

This is an action brought on a claim by the estate arising from estate administration and is required to be heard by the County Court at Law where the probate matter is pending. Movant attempts to divert the proceedings to San Augustine County on the probate matter to bootstrap the transfer of the suit on the claim by estate against the Defendants. Tex. Civ. Pract. & Rem. Code section 15.002(1), (2), (3) and (4) do not apply since the provisions of the Texas Probate Code take priority and this is not a case falling under Texas Probate Code section 6B.

WHEREFORE, Non-Movant prays this Court will refuse to transfer this cause, but rather retain this case on the Court's docket, and will grant such other and further relief that may be awarded at law or in equity.

page LXI

CERTIFIED TO BE A TRUE AND CORRECT COPY



MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 40 OF 77

Respectfully submitted,

By: _____
Jeffrey L. Coe
Attorney at Law
State Bar No. 24001902
1000 N. Church St.
P.O. Box 1157
Palestine, TX 75802-1157
Tel. (903) 723-0331
Fax. (888) 651-6851
Email: jeff@coelawfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this day a true and correct copy of Non-Movant's Response to Motions to Transfer Venue was served on all parties to this action in accordance with the Texas Rules of Civil Procedure.

_____
Jeffrey L. Coe,
Attorney for Plaintiff

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 41 OF 77

## AFFIDAVIT

BEFORE ME, the undersigned authority, personally appeared BEN HAYNES, who being duly sworn, deposed as follows:

"My name is Ben Haynes. I am at least 18 years of age and of sound mind. I hereby swear that the statements contained in this affidavit are within my personal knowledge and that they are true and correct.

"I am the plaintiff in the above cause. The underlying suit brought against Defendants is a suit by the estate brought by myself as personal representative on behalf of the estate.

"Further, Affiant sayeth not."

_____
BEN HAYNES

SUBSCRIBED AND SWORN TO BEFORE ME on ~~Feb. 22, 2013~~, by Ben Haynes.

_____
Notary Public, State of Texas

Dorthe Burris
My Commission Expires
12/05/2015

RESPONSE TO MOTIONS TO TRANSFER VENUE

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 42 OF 77

TAB 10
(Reply to Response to
Motion to Transfer Venue)

No. 15,063 ✓

POSTED

FILED FOR RECORD
at 10:00 o'clock A M.

MAR 01 2013

WANDA BURKE
County Clerk, Anderson County, Texas
By _____ Deputy

THE ESTATE OF                    }    IN THE COUNTY COURT AT LAW,

    STONE HAYNES,            }

        DECEASED.        }    ANDERSON COUNTY, TEXAS,

and

No. 11,953

THE ESTATE OF STONE HAYNES,    }    IN THE COUNTY COURT AT LAW,
DECEASED, Plaintiff,

vs.                              }

JEANETTE B. DAVIDSON, *et al.*,
Defendants.                      }    ANDERSON COUNTY, TEXAS,

## REPLY TO BEN HAYNES' RESPONSE
## TO DEFENDANTS' MOTION TO TRANSFER VENUE

TO THE SAID HONORABLE COURT:

NOW come JEANETTE B. DAVIDSON, Individually and as Independent Executor of the Estate of Gary L. Davidson, Deceased, and, in reply to Ben Haynes' *Response to Defendant's Motion to Transfer Venue*, would show the Court as follows:

1.

Ben Haynes', the Non-Movant, unjustly accuses Jeanette B. Davidson, the Movant in this matter, of attempting to hijack these proceedings when, in fact, the proceedings were purloined at the time of their filing and whisked away from San Augustine County, where mandatory venue of the probate proceeding lies, to this county by Non-Movant, the actual highwayman, in order to obtain an advantage in venue for the suit against Davidson in a remote jurisdiction where neither the decedent nor Davidson have ever had any connection by way of residence or business dealings.

2.

Haynes suggests that Davidson has no standing to object to the venue of these suits.

page LXV

CERTIFIED TO BE A TRUE AND
CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 43 OF 77

Davidson is alleged to be a creditor of the estate. *see* "First Amended Original Petition for Suit on Note" in Cause No. 11,953; "Inventory, Appraisement and List of Claims" in Cause No. 15,063 (listing Davidson as a pecuniary creditor in the sole paragraph under "List of Claims." Davidson has contested the allegations and asserted counterclaims. *see* "Defendants' First Original Answer and Counterclaim" in Cause No. 11,953. "Interested persons" include creditors. TEX. PROB. CODE ANN., §3(r). Davidson, as an alleged creditor of the decedent's estate who has denied liability and asserted claims against the estate, clearly has standing to object to the venue of both the probate and the suit on the note. *see In re Bowie*, 2008 WL 4821617 (Tex. App. –Beaumont, 2008, no pet.)(mem. op.)

### 3.

Non-Movants assertion that the venue issue was conclusively established when no appeal was taken from the order admitting decedent's will to probate is mistaken. While ordinarily only one final judgment may be entered in a suit, probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues ." *De Avala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Venue determinations in probate matters are not final, appealable orders. *Fernandez v. Bustamante*, 305 S.W.3d 333, 338 (Tex. App. –Houston [14th Dist.], 2010, no pet.)(holding that the venue order at issue in that suit was not a final, appealable order ripe for direct appeal). If it appears to the court at any time before the final decree in a probate proceeding that the proceeding was commenced in a court which did not have priority of venue over such proceeding, the court shall, on the application of any interested person, transfer the proceeding to the proper county. TEX. PROB. CODE ANN., §8A(a). In an independent administration, the "final decree" contemplated by Section 8A(a) is the order closing the estate. *See Fernandez v. Bustamante, id.* at 340 (stating that though a court may issue various probate orders on particular issues, the court does not completely lose jurisdiction until the entire estate is closed); *In re Graham*, 251 S.W.3d 844, 848 (Tex. App.

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK ANDERSON COUNTY
PAGE 44 OF 77

–Austin, 2008, no pet.)(holding that, for the purpose of the mandatory venue provisions of the Texas Probate Code, an independent administration is considered closed when all property has been distributed and debts have been paid as fully as the assets allow and that the order admitting the will to probate is not a "final decree" for venue purposes).

The authorities cited by Haynes are inapplicable to these proceedings. In *Jarvis v. Field*, the complaint about improper venue was waived, not because it was asserted on appeal after the entry of the order admitting the estate to administration, but because it was not asserted by a motion challenging venue filed in due order of pleading as required by TEX. R. CIV. P., 120a. *see Jarvis v. Field*, 327 S.W.3d 918, 925 (Tex. App. –Corpus Christi, 2010, no pet.). In this case, Davidson has complied with Rule 120a and filed her motion before or contemporaneously with all other pleadings in these cases. *In re Hudson* was not a venue case, but its holding was that the trial court's action in denying the appellant a jury trial was reviewable by appeal only, and not by mandamus. *see In re Hudson*, 325 S.W.3d 811, (Tex. App. –Dallas, 2010, no pet.). There was no venue question involved in the latter case.

4.

Neither of the above referenced suits are properly brought before this court. The venue for probate of wills and administration of estates is mandatory in the county where the deceased resided at the time of his death. TEX. PROB. CODE ANN., §6; *In re Graham*, 251 S.W.3d at 847; *Maddox v. Surber*, 677 S.W.2d 226, 228 (Tex. Civ. App. –Houston[1st Dist.], 1984, no writ). That county, by Non-Movant's admission and this court's decree, was San Augustine County, Texas. *see* "Order Probating Will and Authorizing Letters Testamentary" in Cause No. 15,063 (finding that the Decedent was domiciled in San Augustine County, Texas, at the time of his death); "Answers to Applicant's First Set of Interrogatories," in Cause No. 15,063 (where, in Interrogatory #5, Non-Movant answered affirmatively that Stone Haynes was domiciled in and had his fixed place of residence in San Augustine County, Texas, at the time of his death); "Proof of Death and Other Facts" in Cause No. 15,063 (stating, in

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 45 OF 77

paragraph 2, that Stone Haynes was domiciled and had his fixed place of residence in San Augustine County, Texas, on the date of his death). Although an appeal from a venue determination is not available until a "final decree," the trial court's denial of a venue transfer pursuant to a mandatory venue provision is reviewable by mandamus using an abuse-of-discretion standard. *In re Graham*, 251 S.W.3d at 847.

Non-Movant's suit in Cause No. 11,953 against Davidson on the note includes, moreover, Mrs. Davidson as the Independent Executor of the Estate of Gary L. Davidson, Deceased. That estate was admitted to probate, and Davidson was appointed as the personal representative thereof, by an order entered by the constitutional county court of San Augustine County, Texas, in Cause No. 3,696 styled *In the Estate of Gary Lee Davidson, Deceased*, as shown by the certified copy thereof attached hereto as Exhibit A and incorporated herein for all purposes. All probate proceedings must be filed and heard in a court exercising original probate jurisdiction. TEX. PROB. CODE ANN., §4A(a). Those proceedings include actions brought against the personal representative of an estate in that capacity. TEX. PROB. CODE ANN., §4B(a)(4). With regard to Non-Movant's claim against the estate of Gary L. Davidson, that court would be the county court of San Augustine County, Texas. Because mandatory venue of the probate proceedings concerning the estate of Stone Haynes, deceased, is in San Augustine County, Texas, venue of Non-Movant's suit on the note brought on behalf of Stone Haynes' estate against Davidson is in San Augustine County, Texas, under TEX. PROB. CODE ANN., §4B(a)(3).

WHEREFORE, premises considered, Defendants pray that this court transfer these


CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK ANDERSON COUNTY
PAGE 46 OF 77

proceedings to the court of appropriate jurisdiction in San Augustine County, Texas, and for such other and further orders as to the court may seem necessary or proper.

Thomas R. McLeroy, Jr.
P. O. Box 668
Center, Texas  75935
(936) 598-2701
FAX (936) 598-6086

_____
Attorney for Movants
Bar No. 13766800

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with TEX. R. CIV. P., 21.

Dated: 2/28/13

_____
Attorney for Movants


CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 47 OF 22

No. 3696

| | |
|---|---|
| IN THE ESTATE OF | IN THE COUNTY COURT |
| GARY LEE DAVIDSON, | OF |
| DECEASED | SAN AUGUSTINE COUNTY, TEXAS |

## ORDER PROBATING WILL AND
## AUTHORIZING LETTERS TESTAMENTARY

On this day came on to be heard the Application filed herein by Jeanette B. Davidson on August 29, 2005, for the probate of the Will of GARY LEE DAVIDSON, hereinafter called Decedent, and for the issuance of Letters Testamentary.

The Court, after having heard and considered the evidence, finds that legal notices of the filing of said Application have been issued and posted in the manner and for the length of time required by law, and no one came to contest same; and it further appearing that said Will was executed on October 13, 2000 with the formalities and solemnities and under the circumstances required by law to make it a valid Will, was self-proved according to law during the lifetime of said Decedent; that such Will has not been revoked by Decedent; that Decedent died at San Augustine, SAN AUGUSTINE County, Texas on July 17, 2005; that this Court has jurisdiction and venue over the estate because Decedent was domiciled in Texas and had a fixed place of residence in SAN AUGUSTINE County, Texas at the time of his death; that four years have not elapsed since the death of Decedent or prior to the said Application; that a necessity exists for the administration of this estate; that no state, governmental agency of the state, nor charitable organization is named by the Will as a devisee; that Decedent's Will named Jeanette B. Davidson to serve as Independent Executrix to act independently without bond or other security, and the said Jeanette B. Davidson is not disqualified by law from serving as such or from accepting Letters Testamentary, and would be

CERTIFIED COPY
Page 1 of 2 pages

Margo Noble, County Clerk
San Augustine, County, Texas
By: _____, Deputy

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 48 OF 77

.681

entitled to such letters.

IT IS THEREFORE ORDERED AND DECREED by the Court that said Will is hereby proved and established and admitted to probate and recorded as the LAST WILL AND TESTAMENT of said GARY LEE DAVIDSON, Deceased, and that Jeanette B. Davidson be, and is hereby appointed Independent Executrix of said Will and Estate without bond.

IT IS FURTHER ORDERED by the Court that Letters Testamentary upon the Will and Estate of GARY LEE DAVIDSON, Deceased, be and the same are hereby granted, that the Clerk shall issue said Letters Testamentary to Jeanette B. Davidson, as Independent Executrix, when qualified according to law, and that no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims as required by law. Appraisers are waived.

SIGNED this _50_ day of _August_, 2005.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
Russell R. Smith
Attorney for Jeanette B. Davidson
State Bar No.: 18682310
1801 North Street
P.O. Drawer 631668
Nacogdoches, Texas 75963-1668
Telephone: (936) 569-2327
Facsimile: (936) 569-7932

2

CERTIFIED COPY
Page ___ of ___ pages

Margo Noble, County Clerk
San Augustine, County, Texas
By: _____ Deputy

THE STATE OF TEXAS
COUNTY OF SAN AUGUSTINE COUNTY
I, Margo Noble, County Clerk of San Augustine County, Texas do hereby certify that the foregoing is a true and correct copy of the instrument as the same appears of record in my office in Vol. ___, Page ____, in the records of San Augustine County, Texas.
Witness by Official hand and seal of office this ___ day of ____ 2013.

MARGO NOBLE COUNTY CLERK
SAN AUGUSTINE COUNTY
By: _____ Deputy

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE _49_ OF _77_

# LETTERS TESTAMENTARY

### NO. 3696

STATE OF TEXAS           IN THE COUNTY COURT

COUNTY OF SAN AUGUSTINE       SAN AUGUSTINE COUNTY, TEXAS

I, THE UNDERSIGNED CLERK OF THE COUNTY COURT OF SAN AUGUSTINE

COUNTY, TEXAS, CERTIFY THAT ON AUGUST 30TH, 2005

### JEANETTE B. DAVIDSON

WAS DULY GRANTED BY SAID COURT, LETTERS TESTAMENTARY, OF THE ESTATE OF GARY LEE DAVIDSON, DECEASED, AND THAT SHE QUALIFIED AS INDEPENDENT EXECUTRIX OF SAID ESTATE ON THE 30TH DAY OF AUGUST, 2005 AS THE LAW REQUIRES, AND THAT SAID APPOINTMENT IS STILL IN FULL FORCE AND EFFECT.

GIVEN UNDER MY HAND AND SEAL OF OFFICE AT SAN AUGUSTINE, TEXAS,

THE 27TH DAY OF FEBRUARY, 2013.

MARGO NOBLE
COUNTY CLERK
SAN AUGUSTINE COUNTY

(Seal)

BY: _____
             DEPUTY

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 50 OF 77

TAB 11
(Amended Reply to
Motion to Transfer Venue)

POSTED

No. 15,063

| | | |
|---|---|---|
| THE ESTATE OF | } | IN THE COUNTY COURT AT LAW, |
| STONE HAYNES, | } | |
| DECEASED. | } | ANDERSON COUNTY, TEXAS, |

and

No. 11,953

| | | |
|---|---|---|
| THE ESTATE OF STONE HAYNES, DECEASED, Plaintiff, | } | IN THE COUNTY COURT AT LAW, |
| vs. | } | |
| JEANETTE B. DAVIDSON, et al., Defendants. | } | ANDERSON COUNTY, TEXAS, |

FILED FOR RECORD
at 8:14 o'clock A M

MAR 25 2013

WANDA BURKE
County Clerk, Anderson County, Texas
By_____

### AMENDED REPLY TO BEN HAYNES' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE

TO THE SAID HONORABLE COURT:

NOW come JEANETTE B. DAVIDSON, Individually and as Independent Executor of the Estate of Gary L. Davidson, Deceased, and, in reply to Ben Haynes' *Response to Defendant's Motion to Transfer Venue*, would show the Court as follows:

1.

Ben Haynes', the Non-Movant, unjustly accuses Jeanette B. Davidson, the Movant in this matter, of attempting to hijack these proceedings when, in fact, the proceedings were purloined at the time of their filing and whisked away from San Augustine County, where mandatory venue of the probate proceeding lies, to this county by Non-Movant, the actual highwayman, in order to obtain an advantage in venue for the suit against Davidson in a remote jurisdiction where neither the decedent nor Davidson have ever had any connection by way of residence or business dealings.

2.

Haynes suggests that Davidson has no standing to object to the venue of these suits.

page LXXIV

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 51 OF 77

Davidson is alleged to be a debtor of the estate. *see* "First Amended Original Petition for Suit on Note" in Cause No. 11,953; "Inventory, Appraisement and List of Claims" in Cause No. 15,063 (listing Davidson as a pecuniary debtor in the sole paragraph under "List of Claims." Davidson has contested the allegations and asserted counterclaims. *see* "Defendants' First Original Answer and Counterclaim" in Cause No. 11,953. "Interested persons" include persons who have some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefitted, or in some manner materially affected, by the probate proceeding. *In re Ramsey*, 28 S.W.3d 58, 62 (Tex. App. –Texarkana, 2000, orig. proc.). Davidson, as an alleged debtor of the decedent's estate who has denied liability and asserted claims against the estate, clearly has a pecuniary interest which may be materially affected by the proceedings in this matter and, consequently, has standing to object to the venue of both the probate and the suit on the note. *see In re Bowie*, 2008 WL 4821617 (Tex. App. –Beaumont, 2008, no pet.)(mem. op.)

### 3.

Non-Movants assertion that the venue issue was conclusively established when no appeal was taken from the order admitting decedent's will to probate is mistaken. While ordinarily only one final judgment may be entered in a suit, probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues ." *De Avala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Venue determinations in probate matters are not final, appealable orders. *Fernandez v. Bustamante*, 305 S.W.3d 333, 338 (Tex. App. –Houston [14th Dist.], 2010, no pet.)(holding that the venue order at issue in that suit was not a final, appealable order ripe for direct appeal). If it appears to the court at any time before the final decree in a probate proceeding that the proceeding was commenced in a court which did not have priority of venue over such proceeding, the court shall, on the application of any interested person, transfer the proceeding to the proper county. TEX. PROB. CODE ANN.,


CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 52 OF 77

§8A(a). In an independent administration, the "final decree" contemplated by Section 8A(a) is the order closing the estate. *See Fernandez v. Bustamante, id.* at 340 (stating that though a court may issue various probate orders on particular issues, the court does not completely lose jurisdiction until the entire estate is closed); *In re Graham,* 251 S.W.3d 844, 848 (Tex. App. –Austin, 2008, no pet.)(holding that, for the purpose of the mandatory venue provisions of the Texas Probate Code, an independent administration is considered closed when all property has been distributed and debts have been paid as fully as the assets allow and that the order admitting the will to probate is not a "final decree" for venue purposes).

The authorities cited by Haynes are inapplicable to these proceedings. In *Jarvis v. Field,* the complaint about improper venue was waived, not because it was asserted on appeal after the entry of the order admitting the estate to administration, but because it was not asserted by a motion challenging venue filed in due order of pleading as required by TEX. R. CIV. P., 120a. *see Jarvis v. Field,* 327 S.W.3d 918, 925 (Tex. App. –Corpus Christi, 2010, no pet.). In this case, Davidson has complied with Rule 120a and filed her motion before or contemporaneously with all other pleadings in these cases. *In re Hudson* was not a venue case, but its holding was that the trial court's action in denying the appellant a jury trial was reviewable by appeal only, and not by mandamus. *see In re Hudson,* 325 S.W.3d 811, (Tex. App. –Dallas, 2010, no pet.). There was no venue question involved in the latter case.

4.

Neither of the above referenced suits are properly brought before this court. The venue for probate of wills and administration of estates is mandatory in the county where the deceased resided at the time of his death. TEX. PROB. CODE ANN., §6; *In re Graham,* 251 S.W.3d at 847; *Maddox v. Surber,* 677 S.W.2d 226, 228 (Tex. Civ. App. –Houston[1st Dist.], 1984, no writ). That county, by Non-Movant's admission and this court's decree, was San Augustine County, Texas. *see* "Order Probating Will and Authorizing Letters Testamentary" in Cause No. 15,063 (finding that the Decedent was domiciled in San Augustine County, Texas,


CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK ANDERSON COUNTY
PAGE 53 OF 77

at the time of his death); "Answers to Applicant's First Set of Interrogatories," in Cause No. 15,063 (where, in Interrogatory #5, Non-Movant answered affirmatively that Stone Haynes was domiciled in and had his fixed place of residence in San Augustine County, Texas, at the time of his death); "Proof of Death and Other Facts" in Cause No. 15,063 (stating, in paragraph 2, that Stone Haynes was domiciled and had his fixed place of residence in San Augustine County, Texas, on the date of his death). Although an appeal from a venue determination is not available until a "final decree," the trial court's denial of a venue transfer pursuant to a mandatory venue provision is reviewable by mandamus using an abuse-of-discretion standard. *In re Graham*, 251 S.W.3d at 847.

Non-Movant's suit in Cause No. 11,953 against Davidson on the note includes, moreover, Mrs. Davidson as the Independent Executor of the Estate of Gary L. Davidson, Deceased. That estate was admitted to probate, and Davidson was appointed as the personal representative thereof, by an order entered by the constitutional county court of San Augustine County, Texas, in Cause No. 3,696 styled *In the Estate of Gary Lee Davidson, Deceased*, as shown by the certified copy thereof attached hereto as Exhibit A and incorporated herein for all purposes. All probate proceedings must be filed and heard in a court exercising original probate jurisdiction. TEX. PROB. CODE ANN., §4A(a). Those proceedings include actions brought against the personal representative of an estate in that capacity. TEX. PROB. CODE ANN., §4B(a)(4). With regard to Non-Movant's claim against the estate of Gary L. Davidson, that court would be the county court of San Augustine County, Texas. Because mandatory venue of the probate proceedings concerning the estate of Stone Haynes, deceased, is in San Augustine County, Texas, venue of Non-Movant's suit on the note brought on behalf of Stone Haynes' estate against Davidson is in San Augustine County, Texas, under TEX. PROB. CODE ANN., §4B(a)(3).

WHEREFORE, premises considered, Defendants pray that this court transfer these

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 54 OF 77


proceedings to the court of appropriate jurisdiction in San Augustine County, Texas, and for such other and further orders as to the court may seem necessary or proper.

Thomas R. McLeroy, Jr.
P. O. Box 668
Center, Texas 75935
(936) 598-2701
FAX (936) 598-6086

Attorney for Movants
Bar No. 13766800

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with TEX. R. CIV. P., 21.

Dated: 3/25/13

Attorney for Movants

page 5

page LXXVIII


CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 55 OF 77

No. 3696

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| GARY LEE DAVIDSON, | § | OF |
| DECEASED | § | SAN AUGUSTINE COUNTY, TEXAS |

## ORDER PROBATING WILL AND AUTHORIZING LETTERS TESTAMENTARY

On this day came on to be heard the Application filed herein by Jeanette B. Davidson on August 29, 2005, for the probate of the Will of GARY LEE DAVIDSON, hereinafter called Decedent, and for the issuance of Letters Testamentary.

The Court, after having heard and considered the evidence, finds that legal notices of the filing of said Application have been issued and posted in the manner and for the length of time required by law, and no one came to contest same; and it further appearing that said Will was executed on October 13, 2000 with the formalities and solemnities and under the circumstances required by law to make it a valid Will, was self-proved according to law during the lifetime of said Decedent; that such Will has not been revoked by Decedent; that Decedent died at San Augustine, SAN AUGUSTINE County, Texas on July 17, 2005; that this Court has jurisdiction and venue over the estate because Decedent was domiciled in Texas and had a fixed place of residence in SAN AUGUSTINE County, Texas at the time of his death; that four years have not elapsed since the death of Decedent or prior to the said Application; that a necessity exists for the administration of this estate; that no state, governmental agency of the state, nor charitable organization is named by the Will as a devisee; that Decedent's Will named Jeanette B. Davidson to serve as Independent Executrix to act independently without bond or other security, and the said Jeanette B. Davidson is not disqualified by law from serving as such or from accepting Letters Testamentary, and would be

CERTIFIED COPY

Page____1___ of ___2___ pages

Margo Noble, County Clerk
San Augustine, County, Texas
By:_____, Deputy

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE___56__ OF __77__

## EXHIBIT "A"

681

entitled to such letters.

IT IS THEREFORE ORDERED AND DECREED by the Court that said Will is hereby proved and established and admitted to probate and recorded as the LAST WILL AND TESTAMENT of said GARY LEE DAVIDSON, Deceased, and that Jeanette B. Davidson be, and is hereby appointed Independent Executrix of said Will and Estate without bond.

IT IS FURTHER ORDERED by the Court that Letters Testamentary upon the Will and Estate of GARY LEE DAVIDSON, Deceased, be and the same are hereby granted, that the Clerk shall issue said Letters Testamentary to Jeanette B. Davidson, as Independent Executrix, when qualified according to law, and that no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims as required by law. Appraisers are waived.

SIGNED this _20_ day of _August_, 2005.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
Russell R. Smith
Attorney for Jeanette B. Davidson
State Bar No.: 18682310
1801 North Street
P.O. Drawer 631668
Nacogdoches, Texas 75963-1668
Telephone: (936) 569-2327
Facsimile: (936) 569-7932

2

CERTIFIED COPY
Page __2__ of __2__ pages

Margo Noble, County Clerk
San Augustine, County, Texas
By: _____ Deputy

THE STATE OF TEXAS
COUNTY OF SAN AUGUSTINE COUNTY
I, Margo Noble, County Clerk of San Augustine County, Texas do hereby certify that the foregoing is a true and correct copy of the instrument as the same appears of record in my office in Vol. _____ Page _____ is the records of San Augustine County, Texas.
Witness by Official hand and seal of office this _____ day of _____, 2013

MARGO NOBLE, COUNTY CLERK
SAN AUGUSTINE COUNTY
By: _____ Deputy

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE __57__ OF __77__


# LETTERS TESTAMENTARY

NO. 3696

STATE OF TEXAS          IN THE COUNTY COURT

COUNTY OF SAN AUGUSTINE      SAN AUGUSTINE COUNTY, TEXAS

I, THE UNDERSIGNED CLERK OF THE COUNTY COURT OF SAN AUGUSTINE

COUNTY, TEXAS, CERTIFY THAT ON AUGUST 30TH, 2005

### JEANETTE B. DAVIDSON

WAS DULY GRANTED BY SAID COURT, LETTERS TESTAMENTARY, OF THE
ESTATE OF GARY LEE DAVIDSON, DECEASED, AND THAT SHE QUALIFIED AS
INDEPENDENT EXECUTRIX OF SAID ESTATE ON THE 30TH DAY OF AUGUST,
2005 AS THE LAW REQUIRES, AND THAT SAID APPOINTMENT IS STILL IN FULL
FORCE AND EFFECT.

GIVEN UNDER MY HAND AND SEAL OF OFFICE AT SAN AUGUSTINE, TEXAS,

THE 27TH DAY OF FEBRUARY, 2013.

MARGO NOBLE
COUNTY CLERK
SAN AUGUSTINE COUNTY

(Seal)

BY: _____
DEPUTY

page LXXXI

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 58 OF 71



TAB 12
(Relator's Letter Brief)

**THOMAS R. McLEROY, JR.**
ATTORNEY - AT - LAW
P. O. Box 668
103 W. Austin
CENTER, TEXAS

(936) 598-2701

FAX (936) 598-6086



FILED FOR RECORD
at 10:00 o'clock A M.

APR 01 2013

WANDA BURKE
County Clerk, Anderson County, Texas
By _____ Deputy

March 26, 2013

Judge Jeff Doran
500 North Church Street, Suite 11
Palestine, Texas 75801

Re: No. 15,063 in the County Court-at-Law of Anderson County, Texas, styled, *The Estate of Stone Haynes, Deceased;*

Dear Judge Doran:

In response to the Court's request for the parties to submit additional authorities on the subject of the Court's jurisdiction to consider the venue issue, I submit the following memorandum. Before addressing the issue raised by the Court, however, I would like to address the objection that Mr. Coe first raised at Monday's hearing to the Davidsons' motion to transfer because it is not verified. TEX. R. CIV. P., 86(3) sets out the specific requirements of a motion to transfer venue. It expressly provides that "Verification of the motion is not required." TEX. R. CIV. P., 87(3) specifically provides that "All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party." Under Rule 87(3), it is only when a venue fact is specifically denied, that a party is required to make prima facie proof by supporting the pleading of the venue facts with an affidavit. The venue facts in this case were not disputed. Nevertheless, if the Court should deem the absence of an affidavit to be a fatal defect in our pleading, I would renew our request leave of the court to amend the motions by supplying a complying affidavit.

The Court has inquired, as I understand the issue, whether it is authorized to rule on the Davidsons' motion to transfer the probate case in light of the proscription contained in TEX. PROB. CODE ANN., §145(h) against further action of any nature in the county court, except where specifically and explicitly provided by the Probate Code. Although independent executors administer the estate free from orders of the probate court, the probate court retains jurisdiction over the estate. *Gambill v. Mathes*, 490 S.W.2d 863, 865 (Tex. Civ. App. -Dallas, 1973, writ dism'd.); *Amberson v. F. G. Rodgers & Co.*, 271 S.W.2d 846m 847-848 (Tex. Civ. App. -San Antonio, 1954, writ dism'd.). Freedom from judicial supervision over the independent administration of an estate is not complete. *Womack v. Redden*, 846 S.W.2d 5, 8 (Tex. App. -Texarkana,

page LXXXIII



CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 59 OF 77

1993, writ denied)(holding that the county court had jurisdiction under TEX. PROB. CODE ANN., §5(b) & 5(e)(Vernon Supp. 1992),*repealed*,(see now TEX. PROB. CODE ANN. §4A) to hear and determine a widow's application to set aside the homestead). One court has held that the legislature's 1973 modifications of the jurisdictional framework for probate matters effectively increased the jurisdiction of probate courts in matters incident to an estate to permit a statutory county court to enter orders adjudicating a claim against the estate, notwithstanding the prohibition contained in TEX. PROB. CODE ANN., §145(h). *see Columbia Rio Grande Regional Hospital v. Stover*, 17 S.W.3d 387, 392 - 394(Tex. App. -Corpus Christi, 2000, no pet.). Whether or not Section 145(h) is applicable to statutory county courts, case authority permits the probate court to adjudicate matters which are not subject to the independent executor's determination and to review and correct unauthorized acts by the personal representative. *see Smith v. Hodges*, 294 S.W.3d 774, 778 - 779(Tex. App. -Eastland, 2009, no pet.)(holding that an independent administrator exceeded her authority by selling real property to accomplish a partition without a probate court order where the sale was not authorized under the will or by statute); *The Estate of Bean*, 206 S.W.3d 749 (Tex. App. -Texarkana, 2006, pet denied)(holding that the proscriptions in Section 145(h) do not limit the search for a probate court's authority to the chapter dealing with independent administrations, that an independent executor has no unilateral authority to construe a will and that a probate court has jurisdiction to construe a will even though an independent executor has been appointed); *McCaffity v. Ramsey*, 274 S.W.2d 194 (Tex. Civ. App. -Dallas, 1954, writ ref'd. n.r.e.)(holding that a probate court has the power to require an executor, independent or otherwise, to comply with the express directions contained in the will). Venue actions are included in this oversight authority. *In re Graham*, 251 S.W.3d 844, (Tex. App. -Austin, 2008, orig. proc.)(directing the trial court to transfer an independent administration to the county of mandatory venue); *The Estate of Izer*, 693 S.W.2d 481 (Tex. App. -Corpus Christi, 1985, writ ref'd. n.r.e.)(affirming the trial court's order transferring the proceeding to the county of appropriate venue entered after the appointment and qualification of an independent executor).

The foregoing cases are not necessarily inconsistent with Probate Code Section 145(h). The purpose of this restraint upon the county court is to free the independent executor from judicial supervision of his administration of the estate and to effect the distribution of an estate with a minimum of costs and delays. *see Sweeney v. Sweeney*, 668 S.W.2d 909, 910 (Tex. Civ. App. -Houston[14th Dist.], 1984, no writ). To that end, independent executors have authority to perform, without supervision by the probate court, all of the duties and powers granted to executors in a dependent administration. TEX. PROB. CODE ANN., §145B. Those duties and powers are enumerated in Probate Code Sections 145A through 154A and Sections 230 through 414.

Nowhere in the enumeration of duties and powers is an executor

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ___60___ OF ___77___


given authority to determine the venue of the probate court. That authority is vested in the probate court through the mandatory directions contained in TEX. PROB. CODE ANN., §6. Because only a court admits a will to probate or grants letters testamentary or of administration, establishment of venue is a judicial function and not the executor's duty. And, because venue in probate cases is statutorily determined, the executor, whether independent or not, has no discretion concerning the same. An executor's determination of the venue of the administration is subject to judicial review and correction, even though it is an independent administration. *See, Amberson v. F. G. Rodgers & Co., supra.* at 847 - 848 and *Gambill v. Mathes, supra.* at 865 (both cases rejected the independent executor's argument that the courts had no authority to review his determination that the estate was being administered in a county other than the county in which the administration had been granted). To hold otherwise would be to abdicate to the independent executor an adjudicatory power that is statutorily given to the court in matters of jurisdiction and venue, deprive interested parties of their right to insist on compliance with the legislative directions with respect to the venue issue and leave no adequate method of reviewing and correcting the executor's errors in law or judgment.

Venue is not an issue which relates to the things which must be done in the course of administering an estate. It has little or nothing to do with obtaining possession and control of the decedents property, managing that property, discharging and resolving claims against the estate, or distributing the property at the conclusion of the administration. Nor is the venue of the court with jurisdictional responsibility for supervising the conduct of the personal representative an issue that significantly affects the discharge of the responsibilities of an independent executor, who preforms his duties and exercises his powers largely independent of that court's interference. Probate Code §8A deals with how the probate court with jurisdiction over an administration is determined, and not with how an executor accomplishes the administration. It is the procedural framework within which a probate court can correct a judicial error made in its original determination before the executor was appointed of its jurisdiction and venue. Probate Code Section 145(h) does not prohibit the court from correcting those kinds of errors which do not relate to the powers, duties and discretion exercised by the independent executor during the course of administration. It is not a statute which takes a court's initial determination of jurisdiction and venue out of the arena of review so that, in this one, particular class of cases, a violation of the mandatory venue statute is unchallengeable.

Finally, construing Section 145(h) to preclude a review of this court's initial venue determination is not necessary to further the policy of the statute to free the independent executor from judicial supervision of his administration of the estate and to effect the distribution of an estate with a minimum of costs and delays. Should this court grant the motion to transfer, the

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK ANDERSON COUNTY PAGE 61 OF 77

current independent executor will continue to serve as such and his administration of the estate will continue unaffected by the transfer. TEX. PROB. CODE ANN., §8B expressly provides that all orders entered in connection with the proceeding will be valid and recognized in the second court. The only change will be that the court with supervisory jurisdiction over the estate and the executor's conduct in relation to it will be the correct court specified by the statute.

For the foregoing reasons, we urge the court to transfer these proceedings, according to the enclosed order, to the County Court of San Augustine County, Texas, pursuant to its authority under Probate Code Section 8A.

Respectfully submitted,

Thomas R. McLeroy, Jr.
Attorney for Jeanette Davidson,
Individually and as Independent
Executor of the Estate of Gary
L. Davidson, Deceased

TRM/hs

cc: Mr. Jeffrey L. Coe
P. O. Box 1157
Palestine, Texas 75802-1157

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 62 OF 71

TAB 13
(Letter from Respondent)



Jeff Doran
Judge

Elizabeth Attaway
Court Coordinator

Sammye Bennett
Certified Shorthand Reporter

Historic Anderson County
Courthouse
500 North Church Street
Palestine, Texas 75801
Ph. 903-723-7469
Fax: 903-723-7814
Email: cclcoord@co.anderson.tx.us

# ANDERSON COUNTY
# COURT AT LAW

May 10, 2013

BY FAX ONLY:

Thomas R. McLeroy
   936.598.6086
Jeffrey l. Coe
   888.651.6851

Gentlemen:

I apologize for the delay in getting this to you. I wasn't aware until yesterday that I had memos from both of you.

The Application for Probate alleges that the decedent was a resident of Anderson County at the time of his death. Other than the unsworn representations of counsel, there is nothing in the case to contradict that allegation. The place of death is not dispositive of the residence issue.

Subject to the matter raised in the next paragraph, I'm persuaded that if there is no dispute about the actual county of residence of the decedent, and it was San Augustine County, that the transfer should be ordered. If the issue is disputed, then the current state of the evidence would not support a transfer.

The additional factor is that the sole beneficiary of the will is an *inter vivos* trust. The executor is also the trustee. Different venue rules apply to actions involving trustees, and since the property would have moved into the trust at the instant of decedent's death it isn't clear from what is before me whether the personal representative is acting as the executor or trustee. The plaintiff in the civil suit is named as the estate, but would actually have been the personal representative. It appears that the parties all think the personal representative was acting as executor in an effort to marshal assets of the estate, but I don't want to decide that without giving the parties an opportunity to address it.

The attorneys will please respond to the issues in this letter within 10 days.

Respectfully yours,

Jeff Doran, Judge

page LXXXVIII

CERTIFIED TO BE A TRUE AND
CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 63 OF 77



```
************************************************
***          Send Results          ***
************************************************
```

Sending is complete.

| | |
|---|---|
| Job No. | 0249 |
| Address | 919365986086p492 |
| Name | |
| Start Time | 05/10 04:57 PM |
| Call Length | 00'22 |
| Sheets | 1 |
| Result | OK |

page LXXXIX

CERTIFIED TO BE A TRUE AND
CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ___64___ OF ___77___

```
*********************************************
***            Send Results            ***
*********************************************

         Sending is complete.

      Job No.                    0248
      Address                    918886516851p492
      Name
      Start Time                 05/10 04:55 PM
      Call Length                00'37
      Sheets                     1
      Result                     OK
```

page XC

CERTIFIED TO BE A TRUE AND
CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 65 OF 77



TAB 14
(Relator's Letter Brief)

## THOMAS R. McLEROY, JR.
ATTORNEY - AT - LAW
P. O. Box 668
103 W. Austin
CENTER, TEXAS   75935

(936) 598-2701                                         FAX (936) 598-6086

May 15, 2013

Judge Jeff Doran
500 North Church Street, Suite 11
Palestine, Texas 75801

> Re:   No. 15,063 in the County Court-at-
> Law   of   Anderson   County,   Texas,
> styled, *The Estate of Stone Haynes,
> Deceased;*

Dear Judge Doran:

In response to your letter to counsel, I believe that the residence issue was uncontested.

I would respectfully urge the court to take a closer look at the case file for assurance that the recitations in application for probate are not the only evidence of the decedent's residence at the time of his death. The probate application is the only document in the file that identifies the decedent's residence as Anderson County. On August 3, 2012, the applicant for letters testamentary filed his "Answers to Applicant's First Set of Interrogatories." In response to Interrogatory # 5 he identified San Augustine County, Texas, as the decedent's domicile and fixed place of residence. In the writing required by TEX. PROB. CODE §87, the applicant testified, in item number 2, that the decedent was domiciled and had a fixed place of residence in San Augustine County, Texas, on the date of his death. The court, in the second paragraph of its "Order Probating Will and Authorizing Letters Testamentary," specifically found that ". . .this Court has jurisdiction and venue over the estate because *the Decedent was domiciled in Texas and had a fixed place of residence in SAN AUGUSTINE County, Texas at the time of his death. . ."* [Emphasis added]. In paragraph 2 of Davidson's venue transfer motions, the allegation is made that the decedent made his domicile in and was a resident of San Augustine County, Texas, at the time of his death. The estate's representative has not filed a verified denial of these allegations and my recollection is that Mr. Haynes' counsel made no particular objection or correction to my representation to the court at the hearing on this matter that the material facts concerning the motion were undisputed.

Regarding the second question, the court correctly notes that title passes to the legatees and devisees under a will immediately when a person dies, but possession does not necessarily follow

page XCII

CERTIFIED TO BE A TRUE AND
CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE  66  OF  11

suit. When letters testamentary are issued, the executor has the right to possession of the estate as it existed at the death of the testator and holds the estate in trust to be disposed of in accordance with law. *See* TEX. PROB. CODE ANN., §37; *Bloom v. Bear*, 706 S.W.2d 746, 147-148 (Tex. App. -Houston, [14th Dist], 1986, orig proc.). An executor's duty requires him to collect and take possession of the personal property of the decedent and to deliver possession of the same to those legally entitled thereto when the administration has been closed. TEX. PROB. CODE ANN., §§232, 233(a). Until the estate is closed and the corpus distributed, therefore, the executor is entitled to the possession of the estate's property and is charged with a duty to reduce it to his possession for the benefit of the estate's beneficiaries.

According to the petition on file in Cause No. 11,953, (the suit on the note), paragraph 2(a) states that suit was brought by Ben Haynes as Independent Executor of the Estate of Stone Haynes, Deceased, as Plaintiff. Paragraph 4 alleges that Plaintiff is the owner and holder of the note concerning which the suit is filed. In paragraph 3, venue is alleged to be proper in Anderson County under a probate code section relating to decedent's estates that was repealed effective September 1, 2009, by legislation which enacted TEX. PROB. CODE ANN., §§4A - 4H, relating to courts with probate jurisdiction. Attached to the Non-Movant's "Response to Defendant's Motion to Transfer Venue" filed on February 22, 2013, in both Cause No. 11,953 and Cause No. 15,063 is an Affidavit by Ben Haynes in which he affirms under oath that "[t]he underlying suit brought against Defendants is a suit by the estate brought by myself as personal representative on behalf of the estate." It is, therefore, our understanding that the suit on the note was brought by the personal representative of the estate on behalf of the estate, rather than as trustee of the preexisting inter vivos trust that was the sole devisee under the decedent's will.

Respectfully submitted,

Thomas R. McLeroy, Jr.
Attorney for Jeanette Davidson,
Individually and as Independent
Executor of the Estate of Gary
L. Davidson, Deceased

TRM/hs

cc: Mr. Jeffrey L. Coe
P. O. Box 1157
Palestine, Texas 75802-1157



CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE __67__ OF __77__

TAB 15
(Letter Brief from Haynes)

# JEFFREY L. COE

## ATTORNEY AT LAW

May 17, 2013

Hon. Jeff Doran
County Court at Law
500 N. Church St.
Palestine, Texas 75801

RE:   Cause No. 15,063 and 11953 – Haynes vs. Davidson – In the County Court at Law of Anderson
      County, Texas

Dear Judge Doran:

In response to the court's letter from last Friday, I would like to point out that the suit in Cause Number 11953 was originally styled Ben Haynes, as Trustee of the Stone Haynes Trust v. Estate of Gary L. Davidson, Deceased and Jeanette B. Davidson. It was subsequently amended to reflect Ben Haynes, as Independent Executor of the Estate of Stone Haynes, Deceased. On today's date, a Second Amended Original Petition was filed setting forth the plaintiff as Ben Haynes, as Trustee of the Stone Haynes Trust and as Independent Executor of the Estate of Stone Haynes, Deceased. Pursuant to section 115.002 of the Texas Property Code, venue lies in the county in which the trustee resides which is Anderson County, Texas or the situs of administration of the trust which also is Anderson County, Texas. The court is to consider the motion to transfer venue based on the state of the record at the time of the entry of the order on the request for transfer. The pleadings at any given time may or may not establish a prima facie case of proper venue; however, at this time, it would be improper to transfer the case from Anderson County, Texas.

Cordially,

Jeffrey L. Coe
Attorney at Law

cc: Thomas R. McLeroy, Jr. via fax

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 68 OF 77

Street Address
1000 N. Church St.
Palestine, Texas 75801

(888) 651-6851, (903) 723-0331
Fax: (888) 651-6851
Email: jeff@coelawfirm.com

Mailing Address
P.O. Box 1157
Palestine, Texas 75802-1157

TAB 16
(Relator's Letter Brief)

**THOMAS R. McLEROY, JR.**
ATTORNEY - AT - LAW
P. O. Box 668
103 W. Austin
CENTER, TEXAS 75935

(936) 598-2701

FAX (936) 598-6086

May 20, 2013

Judge Jeff Doran
500 North Church Street, Suite 11
Palestine, Texas 75801

Re: No. 15,063 in the County Court-at-Law of Anderson County, Texas, styled, *The Estate of Stone Haynes, Deceased;*

Dear Judge Doran:

I am in receipt of Mr. Coe's letter of May 17, 2013, responding to the court's inquiry of May 10, 2013, together with the amended pleadings in Cause No. 11,953, (the suit on the note). Although both the suit on the note and Cause No. 15,063, (the probate matter), are related because, prior to the latest amendment, venue of the suit on the note depended on venue of the probate matter, I understand that only the venue transfer motion in probate matter was set for hearing and is at issue at the current time. I am concerned that a rush to judgment on the newly interposed trust issues without recognizing the procedural status of these two cases may prevent me from tendering an effective response to the changes made by the amended pleadings in the suit on the note and their effect with respect to venue in Anderson County.

Mr. Haynes asserts that venue of the suit on the note is proper in Anderson County because the trustee of the Haynes Trust resides in Anderson County. The premise of this argument is incorrect. The newly asserted venue grounds rely on Tex. Prop. Code Ann., §115.002. As pertinent to this case, that section provides:

(a) The venue of an action under Section 115.001 of this Act is determined according to this section.

(b) If there is a single, noncorporate trustee, an action shall be brought in the county in which:

(1) the trustee resides or has resided at any time during the four-year period preceding the date the action is filed; or

(2) the situs of administration of the trust is maintained or has been maintained at

page XCVII

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 69 OF 77


any time during the four-year period preceding the date the action is filed.

TEX. PROP. CODE ANN., §115.001 addresses which courts have jurisdiction of suits by or against the trustees of a trust and provides:

(a) a district court has original and exclusive jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts, including proceedings to:
(1) construe a trust instrument;
(2) determine the law applicable to a trust instrument;
(3) appoint or remove a trustee;
(4) determine the powers, responsibilities, duties, and liability of a trustee;
(5) ascertain beneficiaries;
(6) make determinations of fact affecting the administration, distribution, or duration of a trust;
(7) determine a question arising in the administration or distribution of a trust;
(8) relieve a trustee from any or all of the duties, limitations, and restrictions otherwise existing under the terms of the trust instrument or of this subtitle;
(9) require an accounting by a trustee, review trustee fees, and settle interim or final accounts; and
(10) surcharge a trustee.

Section 115.001(a) provides the exclusive list of actions "concerning trusts" over which the district court has jurisdiction. *Mobile Oil Corp. v. Shores*, 128 S.W.3d 718, 724 (Tex. App. -Fort Worth, 2004, no pet.). Venue under Section 115.002 is limited to suits brought for a purpose enumerated in Section 115.001. *See McCormick v. Hines*, 498 S.W.2d 58, 62 (Tex. Civ. App. -Amarillo, 1973, writ dism'd.).

Texas courts have consistently construed the jurisdiction conferred by Section 115.01 narrowly to include only the enumerated actions and to exclude actions whose relationships to the enumerated actions are inferential. Tort claims against the trust or trustees do not fall within the included actions. *See In Re Nationsbank, N.A.*, 1999 WL 213100 (Tex. App. -Houston, [1 Dist.], 1999, orig. proc.); *Mayflower Trust Co. v. Nowell*, 413 S.W.2d 783, 786 (Tex. Civ. App. -Houston, 1967, writ dism'd.); *O. P. Leonard Trust v. Hare*, 305 S. W.2d 833, 724 (Tex. Civ. App. -Texarkana, 1957, writ dism'd.). Nor are suits based on a contract other than the trust indenture. *See Mobil Oil Corp. v. Shores*, 128 S.W.3d at 724 -725 (holding that a suit by certain trusts to recover underpaid royalties due under leases to the defendants was not a suit

CERTIFIED TO BE A TRUE AND CORRECT COPY



MARK STAPLES, COUNTY CLERK ANDERSON COUNTY PAGE 70 OF 77

affecting the administration, distribution or duration of a trust or arising in the administration or distribution of a trust); *Smith v. Plainview Hospital and Clinic Foundation*, 393 S.W.2d 424, 427 (Tex. Civ. App. -Amarillo, 1965, writ dism'd.) (holding that a suit against the trustee seeking to recover the usual and customary charges for medical and hospital services rendered to the beneficiary was not a suit within the enumerated authorizations of the predecessor to Section 115.002); *City State Bank in Wellington v. National Bank of Commerce of Altus*, 261 S.W.2d 749, (Tex. Civ. App. -Fort Worth, 1953, writ ref'd. n.r.e.) (rejecting the argument that a suit by the holder of negotiable instruments to recover the amounts it paid upon checks from a trustee was an action within the authorizations of the predecessor to Section 115.002). The courts have, moreover, held that a suit based on a contract which obligated certain trustees to resign as trustees of the trust was not a suit within the enumerated purposes of the predecessor of Section 115.001. *See McCormick v. Hines*, 498 S.W.2d at 62.

The essence of the suit on the note brought by the Haynes Estate and the Haynes Trust in this case is for the enforcement of a contract which was entered into wholly independent of the trust. It does not involve any of the questions listed in Section 115.001 nor does the resolution of Davidson's liability depend on any matter related to the construction or administration of the trust. For the reasons stated in its opinion, the arguments that such a suit would "concern trusts," or involve powers exercisable by trustees or "affect the administration, distribution or duration of a trust," or "arise in the administration of distribution of a trust," were categorically rejected by the Fort Worth Court of Appeals. *See Mobil Oil Corp. v. Shores*, 128 S.W.3d at 724-725. Haynes' arguments that Section 115.002 prevails over the general venue statutes is, therefore, without merit.

Mr. Coe argues that it would be improper to transfer these cases from Anderson County, Texas, at the present time. No venue transfer hearing has been set at the current time on the suit on the note and it should be noted that the amended pleadings filed last Friday did not omit the Haynes Estate as a party or reveal that the note has been distributed to the Haynes trust. The only matter pending before the court at the current time is the motion to transfer venue in the probate matter. As shown in my previous correspondence, the state of the record at the time that matter was submitted for the court's consideration was that the decedent died while domiciled in and a resident of San Augustine County, Texas. It is appropriate, therefore, for the probate matter to be transferred to San Augustine County.

So that the court and parties may know, I plan to be out of

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK ANDERSON COUNTY PAGE 7( OF 77

town for the rest of this week to attend the wedding of my youngest son.

Respectfully submitted,

Thomas R. McLeroy, Jr.
Attorney for Jeanette Davidson,
Individually and as Executor
of the Estate of Gary L.
Davidson, Deceased

TRM/hs

cc: Mr. Jeffrey L. Coe
    P. O. Box 1157
    Palestine, Texas 75802-1157


CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 72 OF 27

TAB 17
(Letter from Respondent)

**Jeff Doran**
Judge

**Elizabeth Attaway**
Court Coordinator

**Sammye Bennett**
Certified Shorthand Reporter



**Historic Anderson County**
**Courthouse**
500 North Church Street
Palestine, Texas 75801
Ph. 903-723-7469
Fax: 903-723-7814
Email: cclcoord@co.anderson.tx.us

# ANDERSON COUNTY
# COURT AT LAW

September 9, 2013

BY EMAIL ONLY:

Thomas R. McLeroy, Jr.
936.598.6086
Jeffrey L. Coe
888.651.6851

**POSTED**

Cause No. 15,063: *In the Estate of Stone Haynes, deceased,* In the Anderson County Court at Law.

Gentlemen:

The Motion to Transfer Venue is respectfully denied.

Mr. Coe will please prepare an appropriate order.

Respectfully yours,

Jeff Doran, Judge

FILED FOR RECORD
2013 SEP 10 PM 4:37
WANDA BURKE
COUNTY CLERK
ANDERSON COUNTY, TX
BY_____ DEPUTY


CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 73 OF 97

```
*******************************************
***            Send Results            ***
*******************************************
```

Sending is complete.

| | |
|---|---|
| Job No. | 0430 |
| Address | 918886516851p492 |
| Name | |
| Start Time | 09/09 11:02 AM |
| Call Length | 00'44 |
| Sheets | 2 |
| Result | OK |

CERTIFIED TO BE A TRUE AND
CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 74 OF 77

```
*******************************************
***          Send Results          ***
*******************************************


          Sending is complete.

     Job No.                 0429
     Address                 919365986086p492
     Name
     Start Time              09/09 10:53 AM
     Call Length             00'21
     Sheets                  1
     Result                  OK
```

page CIV

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE   75   OF   77



TAB 18
(Order Denying Venue Transfer Motion)

FILED FOR RECORD
at _1:50_ o'clock _P_ M.

FEB 1 0 2015

MARK STAPLES
County Clerk, Anderson County, Texas
By _MCS_____ Deputy

NO. <u>15,063</u>

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| STONE HAYNES | § | AT LAW OF |
| | § | |
| | § | |
| DECEASED | § | ANDERSON COUNTY, TEXAS |

## ORDER DENYING
## <u>DEFENDANT'S MOTION TO TRANSFER VENUE</u>

On this day, the Court considered the Defendants' [Jeanette B. Davidson, Individually and as Independent Executor of the Estate of Gary L. Davidson, Deceased] Motion to Transfer Venue, and after considering the pleadings, and arguments of counsel, finds that the Motion should be **DENIED.**

IT IS THEREFORE ORDERED that the Motion to Transfer Venue is **DENIED** and this cause shall continue to trial.

Signed on: Febuary 10, 2014

JUDGE PRESIDING

page CVI

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE _76_ OF _77_

TAB 19
(Letter Brief from Real Party in Interest)

# JEFFREY L. COE

## ATTORNEY AT LAW

April 19, 2013

Hon. Jeff Doran
County Court at Law
500 N. Church St.
Palestine, Texas 75801

RE:    Cause No. 15,063 – The Estate of Stone Haynes, Deceased – In the County Court at Law of Anderson County, Texas

Dear Judge Doran:

In response to Mr. McLeroy's brief, *Gambill v. Mathes* merely states that an estate is considered to be administered in the county where the probate was initiated "although the administration is independent of further orders of the court." 490 S.W.2d 863, 865 (Tex.Civ.App.—Dallas 1973, writ dism'd). The *Womack v. Redden* opinion actually supports the non-movant by stating there has to be a specific statutory grant of authority to the court. 846 S.W.2d 5, 8 (Tex.App.—Texarkana 1993, writ den.). In *Jarvis v. Field,* no complaint regarding venue was raised until after the will was admitted to probate and then on an appeal of the order admitting the will to probate. 327 S.W.3d 918 (Tex.App.—Corpus Christi 2010, no pet.). A litigant appealing an order admitting a will to probate typically has thirty (30) days to file that notice of appeal unless extended by a post-trial motion. The probate/estate administration would still be pending in the lower court while the case was on appeal. If the court in *Jarvis* found a venue challenge to be untimely despite the pendency the estate, the facts of the case before this court would clearly dictate that the challenge is untimely and not within the power of this court to grant relief concerning venue. Everything cited by Movant appears to be specific grants of statutory authority to the court to consider the relief requested (applications by surviving spouses to set aside homestead, ancillary claims adjudication similar to the underlying lawsuit on the suit on the note in the companion case to this case, motions to remove executors, etc.). All of the cases cited by Movant involved parties who were beneficiaries of an estate, persons signing disclaimers, surviving widows claiming homestead rights. Movant is none of the foregoing. Independent from the foregoing, I believe Movant lacks any type of standing to participate in the probate proceeding. He was not joined in the probate proceeding as a party. He did not file an intervention into the probate action. He merely filed a motion to transfer venue. There is no procedural vehicle that allows a third party, independent from a motion for leave to intervene, to jump into the middle of a case without having been "invited" by an already existing party to the case.

Cordially,

Jeffrey L. Coe
Attorney at Law

cc: Thomas R. McLeroy, Jr. via fax

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 77 OF 77

| Street Address | (888) 651-6851, (903) 723-0331 | Mailing Address |
| --- | --- | --- |
| 1000 N. Church St. | Fax: (888) 651-6851 | P.O. Box 1157 |
| Palestine, Texas 75801 | Email: jeff@coelawfirm.com | Palestine, Texas 75802-1157 |

TAB 20
(Petition in Cause No. 11,953)

FILED FOR RECORD

2012 JUL 30 PM 2: 48

WANDA BURKE
COUNTY CLERK
ANDERSON COUNTY, TX
BY_____DEPUTY

CAUSE NO. _11953_

| | | |
|---|---|---|
| BEN HAYNES AS TRUSTEE OF THE STONE HAYNES TRUST, PLAINTIFF | § § § § § | IN THE COUNTY COURT |
| V. | § § § | AT LAW OF |
| ESTATE OF GARY L. DAVIDSON, DECEASED AND JEANETTE B. DAVIDSON, DEFENDANTS | § § § § § | ANDERSON COUNTY, TEXAS |

## ORIGINAL PETITION FOR SUIT ON NOTE

1. *Discovery Level.* Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2. *Parties.*

    a. Plaintiff, Ben Haynes, Trustee of the Stone Haynes Trust, is an individual who resides in Anderson County, Texas.

    b. Defendant the Estate of Gary L. Davidson, Deceased, may be served with process by serving the Independent Executor of his Estate wherever found.

    c. Defendant Jeannette B. Davidson is an individual that may be served with process at Route , Box 303, San Augustine, Texas 75972.

3. This court has jurisdiction over the parties because Defendants are Texas residents.

4. *Note.* Attached to this petition as Exhibit A is a copy of the note executed by

page CX

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE____1____OF__35__

ORIGINAL PETITION FOR SUIT ON NOTE

Defendants. Plaintiff is the owner and holder of this note and is entitled to receive all money due under its terms. The note is incorporated in this petition by reference.

5. *Default.* Defendants defaulted in paying the note. Plaintiff has accelerated the debt according to the terms of the note. There is currently due the sum of $172,778.88, plus accrued interest as provided for in the note, and attorney's fees and court costs.

6. *Conditions Precedent.* All conditions precedent have been performed or have occurred.

7. *Attorney's Fees.* Defendants' default has made it necessary for Plaintiff to employ the undersigned attorney to file suit. Defendants have agreed to pay reasonable attorney's fees for collection in case of default. Plaintiff contends that reasonable fees for the attorney's services rendered and to be rendered are at least $2,500.00.

8. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

9. *Prayer.* Plaintiff prays that-

a. Defendants be cited to appear and answer;

b. Plaintiff be granted judgment for $172,778.88 as the principal amount due on the note;

c. Plaintiff be granted judgment for accrued and unpaid interest due on the note;

d. Plaintiff be granted judgment for postjudgment interest at the rate set forth in the note;

e. Plaintiff be granted judgment for reasonable attorney's fees, with additional contingent amounts in the event of appellate proceedings;

page CXI



CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE _2_ OF _35_

f.  Plaintiff be granted judgment for all costs of court;

g.  Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,

By: _____
Jeffrey L. Coe
Texas Bar No. 24001902
1000 N. Church St.
P.O. Box 1157
Palestine, TX 75802-1157
Tel. (903) 723-0331
Fax. (903) 741-9229
Attorney for Plaintiff

**ORIGINAL PETITION FOR SUIT ON NOTE**

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 3 OF 35

TAB 21
(Amended Petition in Cause No. 11,953)

FILED FOR RECORD

2012 AUG 24 AM 11: 38

WANDA BURKE
COUNTY CLERK
ANDERSON COUNTY, TX
BY _____ DEPUTY

CAUSE NO. <u>11953</u>

| | | |
|---|---|---|
| BEN HAYNES AS INDEPENDENT EXECUTOR OF THE ESTATE OF STONE HAYNES, DECEASED PLAINTIFF | § § § | IN THE COUNTY COURT |
| | § | |
| V. | § § | AT LAW OF |
| | § | |
| ESTATE OF GARY L. DAVIDSON, DECEASED AND JEANETTE B. DAVIDSON, DEFENDANTS | § § § § | |
| | § | ANDERSON COUNTY, TEXAS |

## FIRST AMENDED ORIGINAL PETITION FOR SUIT ON NOTE

1.    *Discovery Level.*    Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2.    *Parties.*

a.    Plaintiff, Ben Haynes, Independent Executor of the Estate of Stone Haynes, Deceased, is an individual who resides in Anderson County, Texas.

b.    Defendant the Estate of Gary L. Davidson, Deceased, may be served with process by serving the Independent Executor of his Estate wherever found.

c.    Defendant Jeannette B. Davidson is an individual that may be served with process at Route , Box 303, San Augustine, Texas 75972.

3.    This court has jurisdiction over the parties because Defendants are Texas residents and the court has jurisdiction under section 5A of the Texas Probate Code.

4.    *Note.* Attached to this petition as Exhibit A is a copy of the note executed by
page CXIV


CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE___4___OF_35_

FIRST AMENDED ORIGINAL PETITION FOR SUIT ON NOTE                    Page 1 of 3

Defendants. Plaintiff is the owner and holder of this note and is entitled to receive all money due under its terms. The note is incorporated in this petition by reference.

5. *Default.* Defendants defaulted in paying the note. Plaintiff has accelerated the debt according to the terms of the note. There is currently due the sum of $172,778.88, plus accrued interest as provided for in the note, and attorney's fees and court costs.

6. *Conditions Precedent.* All conditions precedent have been performed or have occurred.

7. *Attorney's Fees.* Defendants' default has made it necessary for Plaintiff to employ the undersigned attorney to file suit. Defendants have agreed to pay reasonable attorney's fees for collection in case of default. Plaintiff contends that reasonable fees for the attorney's services rendered and to be rendered are at least $2,500.00.

8. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

9. *Prayer.* Plaintiff prays that-

a. Defendants be cited to appear and answer;

b. Plaintiff be granted judgment for $172,778.88 as the principal amount due on the note;

c. Plaintiff be granted judgment for accrued and unpaid interest due on the note;

d. Plaintiff be granted judgment for postjudgment interest at the rate set forth in the note;

e. Plaintiff be granted judgment for reasonable attorney's fees, with additional contingent amounts in the event of appellate proceedings;

page CXV

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE __5__ OF __35__

f.     Plaintiff be granted judgment for all costs of court;

g.    Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,

By:_____

Jeffrey L. Coe
Texas Bar No. 24001902
1000 N. Church St.
P.O. Box 1157
Palestine, TX 75802-1157
Tel. (903) 723-0331
Fax. (903) 741-9229
Attorney for Plaintiff

FIRST AMENDED ORIGINAL PETITION FOR SUIT ON NOTE

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE _16_ OF _35_

TAB 22
(Motion to Transfer Venue
in Cause No. 11,953)

No. 11,953

| | | |
|---|---|---|
| THE ESTATE OF STONE HAYNES, DECEASED, Plaintiff, | } | IN THE COUNTY COURT AT LAW, |
| | | WANDA BURKE |
| vs. | } | County Clerk, Anderson County, Texas |
| | | By _____ Deputy |
| JEANETTE B. DAVIDSON, *et al.*, Defendants. | } | ANDERSON COUNTY, TEXAS, |

**POSTED** apo

## MOTION TO TRANSFER VENUE

**TO THE SAID HONORABLE COURT:**

SCANNED

NOW come JEANETTE B. DAVIDSON, Individually and as Independent Executor of the Estate of Gary L. Davidson, Deceased, Defendants in the above styled and numbered cause, and move the court to enter its orders transferring these proceedings to the District Court of San Augustine County, Texas, the county of proper venue, and, thereunto, would show the Court as follows:

1.

Anderson County, where this action is pending, is not a county with proper venue of these proceedings, or, alternatively, mandatory venue of this action in San Augustine County is prescribed by TEX. CIV. PRAC. & REM. CODE ANN., 15.002(1), (2), (3), and (4), and TEX. PROB. CODE ANN., §6(1) and (2).

2.

Plaintiffs brought this suit to collect the alleged balance due on a promissory note, a copy of which was attached as Exhibit "A," to their "First Amended Original Petition for Suit on Note. The note which is the foundation of Plaintiffs' suit was executed and delivered in San Augustine County, Texas, and was expressly made payable in San Augustine, San Augustine County, Texas. All of the original parties to the note were at that time residents of San Augustine County, Texas, and remained so until the death of Gary L. Davidson and Stone Haynes. Gary L. Davidson died in San Augustine County, Texas, on July 17, 2005, and, on August 29, 2005, Defendant, Jeanette B. Davidson, was appointed as independent executrix of this estate in Cause No. 3,696 in the County Court of San Augustine County, Texas, styled *In the Estate of Gary Lee Davidson, Deceased.* All of the Defendants in this suit are currently residents of San Augustine County, Texas. Stone Haynes, the payee in said note, made his domicile in and was a resident of San Augustine County, Texas, until his death in San Augustine County, Texas, on May 17, 2012. No part of the events

PAGE CXVIII

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 7 OF 35

giving rise to Plaintiffs' claim occurred in Anderson County, Texas, but all of said events occurred in San Augustine County, Texas.

3.

Venue of these proceedings is proper in San Augustine County, Texas, under TEX. CIV. PRAC. & REM. CODE ANN., 15.002(1), (2), (3), and (4) and under TEX. PROB. CODE ANN., §6(1) and (2).

4.

Defendants would further show that for the reasons stated above, maintenance of this action in Anderson County, Texas, would work an injustice to Defendants, considering Defendant's economic and personal hardship, the balance of interests of all of the parties predominates in favor of the action being brought in San Augustine County, Texas, and the transfer of this action would not work an injustice to any other party.

WHEREFORE, premises considered, Defendants pray that this court transfer these proceedings to the District Court of San Augustine County, Texas, the court of proper jurisdiction and venue in San Augustine County, Texas, and for such other and further orders as to the court may seem necessary or proper.

Thomas R. McLeroy, Jr.
P. O. Box 668
Center, Texas 75935
(936) 598-2701
FAX (936) 598-6086

BY: _____
Attorney for Defendants
Bar No. 13766800

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with TEX. R. CIV. P., 21.

Dated: _10/26/12_

_____
Attorney for Defendants

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ___8___ OF _35_

page CXIX

TAB 23
(Defendant's Answer
in Cause No. 11,953)

No. 11,953

THE ESTATE OF STONE HAYNES, }
DECEASED, Plaintiff,

vs. }

JEANETTE B. DAVIDSON, *et al.*, Defendants. }          ANDERSON COUNTY, TEXAS,

<u>DEFENDANT'S FIRST ORIGINAL ANSWER
AND
COUNTERCLAIM</u>

TO THE SAID HONORABLE COURT:

NOW come JEANETTE B. DAVIDSON, Individually and as Independent Executor of the Estate of Gary L. Davidson, Deceased, Defendants in the above styled and numbered cause, and, subject to their "Motion to Transfer" which has been filed before or concurrently herewith, makes this, his answer to Plaintiff's Original Petition heretofore filed herein, and, thereunto, would show the Court as follows:

1.

Defendants deny each and every material allegation contained in Plaintiff's said Petition and demands strict proof thereof.

2.

For further answer, if the same shall be necessary, Defendants would show the court that the promissory note upon which this suit is founded has been discharged by payment of the same.

3.

For further answer, if the same shall be necessary, Defendants would show that Plaintiff's suit is barred by the applicable statute of limitations.

4.

For further answer, if the same shall be necessary, Defendants would show that Plaintiff is barred by estoppel from recovering the relief prayed for.

5.

For further answer, if the same shall be necessary, Defendants would show that Plaintiff, and Plaintiff's predecessor in interest, have waived the recovery prayed for.

page CXXI

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ___ OF 35

## 6.

For further answer, if the same shall be necessary, Defendants would show that Plaintiff's suit is barred under the principals of laches and stale demand.

## 7.

By way of counterclaim, Defendants would show the court as follows:

### A.

On or about May 20, 1997, in San Augustine, San Augustine County, Texas, Gary L. Davidson and Defendant, Jeanette B. Davidson signed and delivered to Stone Haynes a certain promissory note, a true and correct copy of which is attached to Plaintiff's "First Amended Original Petition for Suit on Note." Said note was given as part of the purchase price paid by the makers of said note to Stone Haynes for two tracts of land aggregating 216.17 acres, more or less, situated in San Augustine County, Texas, on the N. G. Roberts League Survey, A-38, described in the "Warranty Deed with Vendor's Lien" dated May 20, 1997, recorded in Volume 304, page 124, of the Real Estate Records of San Augustine County, Texas. The purchasers of said real property acquired the same from Stone Haynes for personal, family, household and/or agricultural use.

### B.

At the time of the signing and delivery of the said note and deed, Stone Haynes, Gary L. Davidson and Defendant, Jeanette B. Davidson, were all residents of San Augustine County, Texas.

### C.

Gary L. Davidson died testate in San Augustine County, Texas, on July 17, 2005, and, on August 29, 2005, his will was admitted to probate and Defendant, Jeanette B. Davidson, was appointed as independent executrix of his estate in Cause No. 3,696 in the County Court of San Augustine County, Texas, styled *In the Estate of Gary Lee Davidson, Deceased.*

### D.

Thereafter, on May 17, 2012, Stone Haynes, the payee in said note, died testate in San Augustine County, Texas, where he then resided, and, on August 8, 2012, his will was admitted to probate and Benjamin Stone Haynes was appointed as independent executor of his estate in Cause No. 15,063 in the County Court-


CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ___10___ OF ___25___

at-Law of Anderson County, Texas.

### E.

At the time that this suit was filed, all of the Defendants herein resided in San Augustine County, Texas.

### F.

Although the above mentioned written contracts out of which Defendants' alleged obligations arise were signed in San Augustine County, Texas, the county in which the Defendants resided at the time of commencement of this action, this suit was filed in Anderson County, Texas, on about July 30, 2012.

### G.

Plaintiff's acts and conduct in filing this suit in Anderson County, Texas, are false, misleading or deceptive acts and practices under TEX. BUS. & COMM. CODE ANN., §17.46(b)(23) resulting in economic damages to Defendants greatly in excess of the jurisdictional limits of this court.

### H.

Plaintiff's conduct was committed knowingly and/or intentionally wherefore Plaintiff is liable to Defendants for damages under TEX. BUS. & COMM. CODE ANN., §17.50(b).

### I.

Defendants were required to employ the services of the undersigned attorneys to defend and prosecute this suit, thereunto agreeing to pay his reasonable fees and costs, wherefore Defendants are entitled to recover their costs and attorneys fees.

### J.

Defendants have complied with all conditions predecent.

WHEREFORE, premises considered, Defendants pray that Plaintiff take nothing by his action, that Defendants recover of and from Plaintiff their damages and attorneys fees as alleged above, together with

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ____11____ OF ___35___

interest thereon as provided by law, and for such other and further relief, general or special, in law or in equity, to which Defendant may show himself entitled.

Thomas R. McLeroy, Jr.
P. O. Box 668
Center, Texas 75935
(936) 598-2701
FAX (936) 598-6086

BY: _____
Attorney for Defendants
Bar No. 13766800

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with TEX. R. CIV. P., 21.

Dated: _10/26/12_

_____
Attorney for Defendants

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 12 OF 35

TAB 24
(Amended Reply to Ben Haynes' Response
to Defendants' Motion to Transfer Venue
in Cause No. 11,953)

No. 15,063

| | | |
|---|---|---|
| THE ESTATE OF | } | IN THE COUNTY COURT AT LAW, |
| STONE HAYNES, | } | |
| DECEASED. | } | ANDERSON COUNTY, TEXAS, |

and

No. 11,953

| | | |
|---|---|---|
| THE ESTATE OF STONE HAYNES, DECEASED, Plaintiff, | } | IN THE COUNTY COURT AT LAW, |
| vs. | } | |
| JEANETTE B. DAVIDSON, *et al.*, Defendants. | } | ANDERSON COUNTY, TEXAS, |

POSTED

FILED FOR RECORD
at 8:14 o'clock A M

MAR — 2013

WANDA BURKE
County Clerk, Anderson County, Texas
By _____ Deputy

## AMENDED REPLY TO BEN HAYNES' RESPONSE
## TO DEFENDANTS' MOTION TO TRANSFER VENUE

TO THE SAID HONORABLE COURT:

NOW come JEANETTE B. DAVIDSON, Individually and as Independent Executor of the Estate of Gary L. Davidson, Deceased, and, in reply to Ben Haynes' *Response to Defendant's Motion to Transfer Venue*, would show the Court as follows:

1.

Ben Haynes', the Non-Movant, unjustly accuses Jeanette B. Davidson, the Movant in this matter, of attempting to hijack these proceedings when, in fact, the proceedings were purloined at the time of their filing and whisked away from San Augustine County, where mandatory venue of the probate proceeding lies, to this county by Non-Movant, the actual highwayman, in order to obtain an advantage in venue for the suit against Davidson in a remote jurisdiction where neither the decedent nor Davidson have ever had any connection by way of residence or business dealings.

2.

Haynes suggests that Davidson has no standing to object to the venue of these suits.

page CXXVI

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 13 OF 35

Davidson is alleged to be a debtor of the estate. *see* "First Amended Original Petition for Suit on Note" in Cause No. 11,953; "Inventory, Appraisement and List of Claims" in Cause No. 15,063 (listing Davidson as a pecuniary debtor in the sole paragraph under "List of Claims." Davidson has contested the allegations and asserted counterclaims. *see* "Defendants' First Original Answer and Counterclaim" in Cause No. 11,953. "Interested persons" include persons who have some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefitted, or in some manner materially affected, by the probate proceeding. *In re Ramsey*, 28 S.W.3d 58, 62 (Tex. App. –Texarkana, 2000, orig. proc.). Davidson, as an alleged debtor of the decedent's estate who has denied liability and asserted claims against the estate, clearly has a pecuniary interest which may be materially affected by the proceedings in this matter and, consequently, has standing to object to the venue of both the probate and the suit on the note. *see In re Bowie*, 2008 WL 4821617 (Tex. App. –Beaumont, 2008, no pet.)(mem. op.)

3.

Non-Movants assertion that the venue issue was conclusively established when no appeal was taken from the order admitting decedent's will to probate is mistaken. While ordinarily only one final judgment may be entered in a suit, probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues ." *De Avala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Venue determinations in probate matters are not final, appealable orders. *Fernandez v. Bustamante*, 305 S.W.3d 333, 338 (Tex. App. –Houston [14th Dist.], 2010, no pet.)(holding that the venue order at issue in that suit was not a final, appealable order ripe for direct appeal). If it appears to the court at any time before the final decree in a probate proceeding that the proceeding was commenced in a court which did not have priority of venue over such proceeding, the court shall, on the application of any interested person, transfer the proceeding to the proper county. TEX. PROB. CODE ANN.,

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 14 OF 36

§8A(a). In an independent administration, the "final decree" contemplated by Section 8A(a) is the order closing the estate. *See Fernandez v. Bustamante, id.* at 340 (stating that though a court may issue various probate orders on particular issues, the court does not completely lose jurisdiction until the entire estate is closed); *In re Graham,* 251 S.W.3d 844, 848 (Tex. App. –Austin, 2008, no pet.)(holding that, for the purpose of the mandatory venue provisions of the Texas Probate Code, an independent administration is considered closed when all property has been distributed and debts have been paid as fully as the assets allow and that the order admitting the will to probate is not a "final decree" for venue purposes).

The authorities cited by Haynes are inapplicable to these proceedings. In *Jarvis v. Field,* the complaint about improper venue was waived, not because it was asserted on appeal after the entry of the order admitting the estate to administration, but because it was not asserted by a motion challenging venue filed in due order of pleading as required by TEX. R. CIV. P., 120a. *see Jarvis v. Field,* 327 S.W.3d 918, 925 (Tex. App. –Corpus Christi, 2010, no pet.). In this case, Davidson has complied with Rule 120a and filed her motion before or contemporaneously with all other pleadings in these cases. *In re Hudson* was not a venue case, but its holding was that the trial court's action in denying the appellant a jury trial was reviewable by appeal only, and not by mandamus. *see In re Hudson,* 325 S.W.3d 811, (Tex. App. –Dallas, 2010, no pet.). There was no venue question involved in the latter case.

4.

Neither of the above referenced suits are properly brought before this court. The venue for probate of wills and administration of estates is mandatory in the county where the deceased resided at the time of his death. TEX. PROB. CODE ANN., §6; *In re Graham,* 251 S.W.3d at 847; *Maddox v. Surber,* 677 S.W.2d 226, 228 (Tex. Civ. App. –Houston[1st Dist.], 1984, no writ). That county, by Non-Movant's admission and this court's decree, was San Augustine County, Texas. *see* "Order Probating Will and Authorizing Letters Testamentary" in Cause No. 15,063 (finding that the Decedent was domiciled in San Augustine County, Texas,

CERTIFIED TO BE A TRUE AND
CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE __15__ OF __35__

at the time of his death); "Answers to Applicant's First Set of Interrogatories," in Cause No. 15,063 (where, in Interrogatory #5, Non-Movant answered affirmatively that Stone Haynes was domiciled in and had his fixed place of residence in San Augustine County, Texas, at the time of his death); "Proof of Death and Other Facts" in Cause No. 15,063 (stating, in paragraph 2, that Stone Haynes was domiciled and had his fixed place of residence in San Augustine County, Texas, on the date of his death). Although an appeal from a venue determination is not available until a "final decree," the trial court's denial of a venue transfer pursuant to a mandatory venue provision is reviewable by mandamus using an abuse-of-discretion standard. *In re Graham*, 251 S.W.3d at 847.

Non-Movant's suit in Cause No. 11,953 against Davidson on the note includes, moreover, Mrs. Davidson as the Independent Executor of the Estate of Gary L. Davidson, Deceased. That estate was admitted to probate, and Davidson was appointed as the personal representative thereof, by an order entered by the constitutional county court of San Augustine County, Texas, in Cause No. 3,696 styled *In the Estate of Gary Lee Davidson, Deceased*, as shown by the certified copy thereof attached hereto as Exhibit A and incorporated herein for all purposes. All probate proceedings must be filed and heard in a court exercising original probate jurisdiction. TEX. PROB. CODE ANN., §4A(a). Those proceedings include actions brought against the personal representative of an estate in that capacity. TEX. PROB. CODE ANN., §4B(a)(4). With regard to Non-Movant's claim against the estate of Gary L. Davidson, that court would be the county court of San Augustine County, Texas. Because mandatory venue of the probate proceedings concerning the estate of Stone Haynes, deceased, is in San Augustine County, Texas, venue of Non-Movant's suit on the note brought on behalf of Stone Haynes' estate against Davidson is in San Augustine County, Texas, under TEX. PROB. CODE ANN., §4B(a)(3).

WHEREFORE, premises considered, Defendants pray that this court transfer these

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 16 OF 35

proceedings to the court of appropriate jurisdiction in San Augustine County, Texas, and for such other and further orders as to the court may seem necessary or proper.

Thomas R. McLeroy, Jr.
P. O. Box 668
Center, Texas 75935
(936) 598-2701
FAX (936) 598-6086

_____
Attorney for Movants
Bar No. 13766800

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with TEX. R. CIV. P., 21.

Dated: 3/25/13

_____
Attorney for Movants

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 17 OF 35

No. 3696

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| GARY LEE DAVIDSON, | § | OF |
| DECEASED | § | SAN AUGUSTINE COUNTY, TEXAS |

## ORDER PROBATING WILL AND AUTHORIZING LETTERS TESTAMENTARY

On this day came on to be heard the Application filed herein by Jeanette B. Davidson on August 29, 2005, for the probate of the Will of GARY LEE DAVIDSON, hereinafter called Decedent, and for the issuance of Letters Testamentary.

The Court, after having heard and considered the evidence, finds that legal notices of the filing of said Application have been issued and posted in the manner and for the length of time required by law, and no one came to contest same; and it further appearing that said Will was executed on October 13, 2000 with the formalities and solemnities and under the circumstances required by law to make it a valid Will, was self-proved according to law during the lifetime of said Decedent; that such Will has not been revoked by Decedent; that Decedent died at San Augustine, SAN AUGUSTINE County, Texas on July 17, 2005; that this Court has jurisdiction and venue over the estate because Decedent was domiciled in Texas and had a fixed place of residence in SAN AUGUSTINE County, Texas at the time of his death; that four years have not elapsed since the death of Decedent or prior to the said Application; that a necessity exists for the administration of this estate; that no state, governmental agency of the state, nor charitable organization is named by the Will as a devisee; that Decedent's Will named Jeanette B. Davidson to serve as Independent Executrix to act independently without bond or other security, and the said Jeanette B. Davidson is not disqualified by law from serving as such or from accepting Letters Testamentary, and would be

CERTIFIED COPY
Page____1____of____2____pages

Margo Noble, County Clerk
San Augustine, County, Texas
By:_____Deputy

CERTIFIED TO BE A TRUE AND
CORRECT COPY /.80
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE__18__OF__35__

.681.

entitled to such letters.

IT IS THEREFORE ORDERED AND DECREED by the Court that said Will is hereby proved and established and admitted to probate and recorded as the LAST WILL AND TESTAMENT of said GARY LEE DAVIDSON, Deceased, and that Jeanette B. Davidson be, and is hereby appointed Independent Executrix of said Will and Estate without bond.

IT IS FURTHER ORDERED by the Court that Letters Testamentary upon the Will and Estate of GARY LEE DAVIDSON, Deceased, be and the same are hereby granted, that the Clerk shall issue said Letters Testamentary to Jeanette B. Davidson, as Independent Executrix, when qualified according to law, and that no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims as required by law. Appraisers are waived.

SIGNED this _10_ day of _August_ 2005.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
Russell R. Smith
Attorney for Jeanette B. Davidson
State Bar No.: 18682310
1801 North Street
P.O. Drawer 631668
Nacogdoches, Texas 75963-1668
Telephone: (936) 569-2327
Facsimile: (936) 569-7932

2

CERTIFIED COPY
Page___2___of___2___pages

Margo Noble, County Clerk
San Augustine County, Texas
By:_____Deputy

THE STATE OF TEXAS
COUNTY OF SAN AUGUSTINE COUNTY
I, Margo Noble, County Clerk of San Augustine County, Texas do hereby certify that the foregoing is a true and correct copy of the instrument as the same appears of record in my office in Vol. ___ Page ___, is the records of San Augustine County, Texas.
Witness my Official hand and seal of office this ___ day of ___ 2013.
MARGO NOBLE COUNTY CLERK
SAN AUGUSTINE COUNTY
by _____ Deputy

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE__19__OF__35__

EXHIBIT "A"

# LETTERS TESTAMENTARY

NO. 3696

STATE OF TEXAS                                    IN THE COUNTY COURT

COUNTY OF SAN AUGUSTINE                 SAN AUGUSTINE COUNTY, TEXAS

I, THE UNDERSIGNED CLERK OF THE COUNTY COURT OF SAN AUGUSTINE

COUNTY, TEXAS, CERTIFY THAT ON AUGUST 30TH, 2005

JEANETTE B. DAVIDSON

WAS DULY GRANTED BY SAID COURT, LETTERS TESTAMENTARY, OF THE
ESTATE OF GARY LEE DAVIDSON, DECEASED, AND THAT SHE QUALIFIED AS
INDEPENDENT EXECUTRIX OF SAID ESTATE ON THE 30TH DAY OF AUGUST,
2005 AS THE LAW REQUIRES, AND THAT SAID APPOINTMENT IS STILL IN FULL
FORCE AND EFFECT.

GIVEN UNDER MY HAND AND SEAL OF OFFICE AT SAN AUGUSTINE, TEXAS,

THE 27TH DAY OF FEBRUARY, 2013.

MARGO NOBLE
COUNTY CLERK
SAN AUGUSTINE COUNTY

(Seal)

BY: _____
DEPUTY

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 20 OF 85

TAB 25
(Response to Defendant's Motion to
Transfer Venue in Cause No. 11,953)

CAUSE NO. 11953 and 15603 (15063 DB)

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | County Clerk Anderson County, Texas |
| STONE HAYNES | § | By _____ Deputy |
| | § | |
| DECEASED | § | ANDERSON COUNTY, TEXAS |
| | | **POSTED** |
| BEN HAYNES AS INDEPENDENT | § | IN THE COUNTY COURT AT LAW |
| EXECUTOR OF THE ESTATE OF | § | |
| STONE HAYNES, DECEASED, | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | |
| | § | |
| ESTATE OF GARY L. DAVIDSON, | § | |
| DECEASED AND JEANETTE B. | § | |
| DAVIDSON, DEFENDANTS | § | ANDERSON COUNTY, TEXAS |

**RESPONSE TO DEFENDANT'S
MOTION TO TRANSFER VENUE**

**NOW COMES** PLAINTIFF, BEN HAYNES AS INDEPENDENT EXECUTOR OF THE ESTATE OF STONE HAYNES, DECEASED, as Non-Movant herein, and files this Response to Defendant's Motions to Transfer Venue, and shows the Court:

I.

The Non-Movant objects to Defendant's Motion to Transfer Venue on the grounds that Anderson County is the county of proper venue and Movant has no standing to object to venue in the probate matter. Movant was never made a party in the probate action and has attempted hijacked the probate by filing a motion to transfer venue in Cause No. 15,063 eventhough the only action in which citation has been served and returned on Movant is in Cause No. 11953. The order admitting the will to probate is a final order and was appealable. Texas Probate Code § 4A. The request

page CXXXV

CERTIFIED TO BE A TRUE AND
CORRECT COPY



MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 21 OF 35

to transfer the probate matter is untimely and has been waived. In *Jarvis v. Field*, the Court of Appeals specifically states that any objection to venue has been waived if not made prior to the admission of a will to probate. 327 S.W.3d 918 (Tex.App.—Corpus Christi 2010, no pet.). The Dallas Court of Appeals states that an order admitting a will to probate is a final appealable order unlike Movant's argument that "No final decree terminating this matter has been entered." *In re Hudson*, 325 S.W.3d 811 (Tex.App.—Dallas 2010, no pet.).

II.

Section 4A of the Texas Probate Code provides that all probate proceedings must be filed and heard in a court exercising original probate jurisdiction. "Probate proceeding" is synonymous with the terms "Probate matter," "Proceeding in probate," and "Proceedings for probate." Texas Probate Code § 3(bb) defines "probate proceeding" as a matter or proceeding related to the estate of a Decedent and specifically includes the following:

- The probate of a will with or without administration of the estate;

- The issuance of Letters Testamentary and of Administration;

- An heirship determination or small estate affidavit, community property administration, and homestead and family allowances;

- An application, petition, motion or action regarding the probate of a will or an estate administration, including a claim for money owed by the Decedent;

- A claim arising from an estate administration or any action brought on the claim; page CXXXVI

CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK ANDERSON COUNTY
PAGE 22 OF 35


- The settling of a probate representative's account of an estate and any other matter related to the settlement, partition or distribution of an estate; and

- A will construction suit.

These matters must be brought in a court exercising original probate jurisdiction. Since there is a county county court at law exercising original probate jurisdiction, a matter related to the probate proceeding includes the following:

- All matters and actions described in the preceding paragraph;

- The interpretation and administration of a testamentary trust if the will creating the trust has been admitted to probate in the court;

- The interpretation and administration of an inter vivos trust created by a Decedent whose will has been admitted to probate in the court.

TPC § 4B(b).

This is an action brought on a claim by the estate arising from estate administration and is required to be heard by the County Court at Law where the probate matter is pending. Movant attempts to divert the proceedings to San Augustine County on the probate matter to bootstrap the transfer of the suit on the claim by estate against the Defendants. Tex. Civ. Pract. & Rem. Code section 15.002(1), (2), (3) and (4) do not apply since the provisions of the Texas Probate Code take priority and this is not a case falling under Texas Probate Code section 6B.

**WHEREFORE**, Non-Movant prays this Court will refuse to transfer this cause, but rather retain this case on the Court's docket, and will grant such other and further relief that may be awarded at law or in equity.

CERTIFIED TO BE A TRUE AND
CORRECT (RESPONSE TO MOTIONS TO TRANSFER VENUE
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 23 OF 35

RESPONSE TO MOTIONS TO TRANSFER VENUE

Respectfully submitted,

By: _____

Jeffrey L. Coe
Attorney at Law
State Bar No. 24001902
1000 N. Church St.
P.O. Box 1157
Palestine, TX   75802-1157
Tel. (903) 723-0331
Fax. (888) 651-6851
Email:   jeff@coelawfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this day a true and correct copy of Non-Movant's Response to Motions to Transfer Venue was served on all parties to this action in accordance with the Texas Rules of Civil Procedure.

_____
Jeffrey L. Coe,
Attorney for Plaintiff

CERTIFIED TO BE A TRUE AND
CORRECT **RESPONSE TO MOTIONS TO TRANSFER VENUE**
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE ___ OF ___

## AFFIDAVIT

BEFORE ME, the undersigned authority, personally appeared BEN HAYNES, who being duly sworn, deposed as follows:

"My name is Ben Haynes. I am at least 18 years of age and of sound mind. I hereby swear that the statements contained in this affidavit are within my personal knowledge and that they are true and correct.

"I am the plaintiff in the above cause. The underlying suit brought against Defendants is a suit by the estate brought by myself as personal representative on behalf of the estate.

"Further, Affiant sayeth not."



_____
BEN HAYNES

SUBSCRIBED AND SWORN TO BEFORE ME on _Feb. 22, 2013_, by <u>Ben Haynes</u>.

_____
Notary Public, State of Texas

Dorthe Burris
My Commission Expires
12/05/2015

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 25 OF 35

RESPONSE TO MOTIONS TO TRANSFER VENUE

TAB 26
(Amended Motion to Transfer Venue
in Cause No. 11,953)

No. 11,953

| | | |
|---|---|---|
| THE ESTATE OF STONE HAYNES, DECEASED, Plaintiff, | } | IN THE COUNTY COURT AT LAW, |
| vs. | } | M**J** |
| JEANETTE B. DAVIDSON, *et al.*, Defendants. | } | ANDERSON COUNTY, TEXAS, |

### FIRST AMENDED MOTION TO TRANSFER VENUE

TO THE SAID HONORABLE COURT:

NOW come JEANETTE B. DAVIDSON, Individually and as Independent Executor of the Estate of Gary L. Davidson, Deceased, Defendants in the above styled and numbered cause, and move the court to enter its orders transferring these proceedings to the District Court of San Augustine County, Texas, the county of proper venue, and, thereunto, would show the Court as follows:

1.

Anderson County, where this action is pending, is not a county with proper venue of these proceedings, or, alternatively, mandatory venue of this action in San Augustine County is prescribed by TEX. CIV. PRAC. & REM. CODE ANN., 15.002(1), (2), (3), and (4), and TEX. PROB. CODE ANN., §§4A(a), 4B(a)(4), and 6(1) and (2).

2.

Plaintiffs brought this suit to collect the alleged balance due on a promissory note, a copy of which was attached as Exhibit "A," to their "First Amended Original Petition for Suit on Note. The note which is the foundation of Plaintiffs' suit was executed and delivered in San Augustine County, Texas, and was expressly made payable in San Augustine, San Augustine County, Texas. All of the original parties to the note were at that time residents of San Augustine County, Texas, and remained so until the death of Gary L. Davidson and Stone Haynes. Gary L. Davidson died in San Augustine County, Texas, on July 17, 2005, and, on August 29, 2005, Defendant, Jeanette B. Davidson, was appointed as independent executrix of this estate in Cause No. 3,696 in the County Court of San Augustine County, Texas, styled *In the Estate of Gary Lee Davidson, Deceased.* All of the Defendants in this suit are currently residents of San Augustine County, Texas. Stone Haynes, the payee in said note, made his domicile in and was a resident of San Augustine


CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 26 OF 35

County, Texas, until his death in San Augustine County, Texas, on May 17, 2012. Although an order was entered admitting the estate of Stone Haynes to probate in Anderson County, Texas, mandatory venue of those probate proceedings require the probate proceedings to have been brought in and/or transferred to San Augustine County, Texas. No part of the events giving rise to Plaintiffs' claim occurred in Anderson County, Texas, but all of said events occurred in San Augustine County, Texas.

3.

Venue of these proceedings is proper in San Augustine County, Texas, under TEX. CIV. PRAC. & REM. CODE ANN., 15.002(1), (2), (3), and (4), and TEX. PROB. CODE ANN., §§4A(a), 4B(a)(4), and 6(1) and (2).

4.

Defendants would further show that for the reasons stated above, maintenance of this action in Anderson County, Texas, would work an injustice to Defendants, considering Defendant's economic and personal hardship, the balance of interests of all of the parties predominates in favor of the action being brought in San Augustine County, Texas, and the transfer of this action would not work an injustice to any other party.

WHEREFORE, premises considered, Defendants pray that this court transfer these proceedings to the District Court of San Augustine County, Texas, the court of proper jurisdiction and venue in San Augustine County, Texas, and for such other and further orders as to the court may seem necessary or proper.

Thomas R. McLeroy, Jr.
P. O. Box 668
Center, Texas 75935
(936) 598-2701
FAX (936) 598-6086

BY: _____
Attorney for Defendants
Bar No. 13766800

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 27 OF 35

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with Tex. R. Civ. P., 21.

Dated: 12/18/13

_____
Attorney for Defendants

CERTIFIED TO BE A TRUE AND
CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 28 OF 35

TAB 27
(Second Amended Petition
in Cause No. 11,953)

POSTED

FILED FOR RECORD
at 4:08 o'clock P M

MAY 16 2013

WANDA BURKE
County Clerk, Anderson County, Texas
By_____ Deputy

CAUSE NO. 11953

| | | |
|---|---|---|
| BEN HAYNES, AS TRUSTEE OF | § | IN THE COUNTY COURT |
| THE STONE HAYNES TRUST AND | § | |
| AS INDEPENDENT EXECUTOR OF | § | |
| THE ESTATE OF STONE HAYNES, | § | |
| DECEASED | § | |
| PLAINTIFF | § | |
| | § | |
| | § | |
| | § | |
| V. | § | AT LAW OF |
| | § | |
| ESTATE OF GARY L. DAVIDSON, | § | |
| DECEASED AND | § | |
| JEANETTE B. DAVIDSON, | § | |
| DEFENDANTS | § | ANDERSON COUNTY, TEXAS |

## SECOND AMENDED ORIGINAL PETITION FOR SUIT ON NOTE

1.    *Discovery Level.*    Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2.    *Parties.*

a.    Plaintiff, Ben Haynes, as Trustee of the Stone Haynes Trust and as Independent Executor of the Estate of Stone Haynes, Deceased, is an individual who resides in Anderson County, Texas.

b.    Defendant the Estate of Gary L. Davidson, Deceased, may be served with process by serving the Independent Executor of his Estate wherever found.

c.    Defendant Jeannette B. Davidson is an individual that may be served with process at Route , Box 303, San Augustine, Texas 75972.

3.    This court has jurisdiction over the parties because Defendants are Texas

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 29 OF 35

residents and the court has jurisdiction under the Texas Property Code and the Texas Probate Code.

4. *Note.* Attached to this petition as Exhibit A is a copy of the note executed by Defendants. Plaintiff is the owner and holder of this note and is entitled to receive all money due under its terms. The note is incorporated in this petition by reference.

5. *Default.* Defendants defaulted in paying the note. Plaintiff has accelerated the debt according to the terms of the note. There is currently due the sum of $172,778.88, plus accrued interest as provided for in the note, and attorney's fees and court costs.

6. *Conditions Precedent.* All conditions precedent have been performed or have occurred.

7. *Attorney's Fees.* Defendants' default has made it necessary for Plaintiff to employ the undersigned attorney to file suit. Defendants have agreed to pay reasonable attorney's fees for collection in case of default. Plaintiff contends that reasonable fees for the attorney's services rendered and to be rendered are at least $2,500.00.

8. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

9. *Prayer.* Plaintiff prays that-

a. Defendants be cited to appear and answer;

b. Plaintiff be granted judgment for $172,778.88 as the principal amount due on the note;

c. Plaintiff be granted judgment for accrued and unpaid interest due on the note;

d. Plaintiff be granted judgment for postjudgment interest at the rate set forth

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MAR... ANDERSON COUNTY
PAGE 30 OF 35


in the note;

e.        Plaintiff be granted judgment for reasonable attorney's fees, with additional contingent amounts in the event of appellate proceedings;

f.        Plaintiff be granted judgment for all costs of court;

g.        Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,

By: _____
Jeffrey L. Coe
Texas Bar No. 24001902
1000 N. Church St.
P.O. Box 1157
Palestine, TX 75802-1157
Tel. (903) 723-0331
Fax. (903) 741-9229
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this day a true and correct copy of the foregoing pleading was served on all parties to this action in accordance with the Texas Rules of Civil Procedure.

_____
Jeffrey L. Coe,
Attorney for Plaintiff

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE __31__ OF __35__

# REAL ESTATE LIEN NOTE

**DATE:**        May 20, 1997

**MAKER:**        GARY L. DAVIDSON and wife, JEANETTE B. DAVIDSON

**MAKER'S ADDRESS:**    Rt. 2 Box 303
San Augustine, Texas 75972

**PAYEE:**        STONE HAYNES

**PAYEE'S ADDRESS:**    P.O. Box 502
San Augustine, Texas 75972

**PLACE FOR PAYMENT:**   P.O. Box 502
San Augustine, Texas 75972
(or any other place the Payee may so choose)

**PRINCIPAL AMOUNT:**

ONE HUNDRED FORTY THOUSAND AND NO/100 ($140,000.00) DOLLARS

**ANNUAL INTEREST RATE ON UNPAID PRINCIPAL FROM DATE OF FUNDING:**

EIGHT PER CENT (8%) PER ANNUM.

**TERMS OF PAYMENT:**

Principal and interest shall be due and payable in 20 semi-annual installments of $7,000.00, or more, each, plus accrued interest upon the unpaid principal balance, the first of such installments being due and payable on or before the 20th day of November, 1997, and a like principal installment plus accrued interest upon the unpaid principal balance shall be due and payable on or before the same day of each May and November thereafter, until paid in full.

Each installment shall be applied first to the payment of accrued interest due on the unpaid principal balance, and the remainder of each installment shall be applied to the reduction of unpaid principal.

**ANNUAL INTEREST RATE ON MATURED, UNPAID AMOUNTS:**

Highest Allowed by Law.

**OTHER PROVISIONS:**

The Maker hereof reserves the right to prepay, prior to maturity, all or any part to the principal of this Note without penalty, and interest shall immediately cease on any amount so prepaid.

CERTIFIED TO BE A TRUE AND CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 32 OF 35

EX A

If all or any part of the property or any interest in it is sold or transferred by Deed, Contract for Deed, or Lease-Purchase Agreement without Payee/Holder's prior written consent, Payee/Holder may, at its option, require immediate payment in full of all sums secured by this instrument. However, this option shall not be exercised by Payee/Holder if exercise is prohibited by federal law as of the date of this Note.

If Payee/Holder has not received the full amount of any scheduled payment by the end of ten (10) calendar days after the date it is due, Maker will pay a late charge of five (5.00%) per cent of the overdue payment of principal and interest. Maker will pay this late charge promptly, but only once on each late payment.


CERTIFIED TO BE A TRUE AND CORRECT COPY

MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 33 OF 35

**SECURITY FOR PAYMENT:**

All two (2) certain tracts, lots or parcels of land in San Augustine County, Texas, out of and a part of the N.G. ROBERTS LEAGUE SURVEY, A-38, and described as follows:

FIRST TRACT: Being 160.9 acres, out of said survey in said county, as described in a deed from R.L. Ford, et al. to Ernest R. Sparks, dated November 3, 1950 and recorded in Volume 106, Page 208 of the Deed Records of San Augustine County, Texas, to which deed and its record reference is made for all purposes; and

SECOND TRACT: Being 55.27 acres of land, out of the said survey in said county as described in a deed from C.L. Ford to Ernest R. Sparks, dated January 22, 1951 and recorded in Volume 106, Page 373 of the Deed Records of San Augustine County, Texas, to which deed and its record reference is made, SAVE AND EXCEPT 2.73 acres conveyed to Jo Ann McGown, dated May 11, 1963 and recorded in Volume 138, Page 245 of the Deed Records of said county and out of said original 58 acres, leaving a net acreage of 55.27.

Maker promises to pay to the order of Payee at the place for payment and according to the terms of payment the principal amount plus interest at the rate stated above. All unpaid amounts shall be due by the final scheduled payment date.

On default in the payment of this Note or in the performance of any obligation in any instrument securing or collateral to it, this Note and all obligations in all instruments securing or collateral to it shall become immediately due at the election of Payee. Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, protests, and notices of protest.

If this Note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or endorsement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee reasonable attorney's fees in addition to other amounts due. Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise.

CERTIFIED TO BE A TRUE AND CORRECT COPY



MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 34 OF 35

Nothing in this Note shall authorize the collection of interest in excess of the highest rate allowed by law.

Each Maker is responsible for the entire amount of this Note.

The terms Maker and Payee and other nouns and pronouns include the plural if more than one.

_____
Gary L. Davidson

_____
Jeanette B. Davidson

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF ANDERSON

The above and foregoing is a full, true and correct photographic copy of the original record now in my lawful custody and possession, as the same is filed / recorded in the public records of my office.



I hereby certify on February 18, 2015
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY, TEXAS

BY Emily Sparks DEPUTY

CERTIFIED TO BE A TRUE AND
CORRECT COPY
MARK STAPLES, COUNTY CLERK
ANDERSON COUNTY
PAGE 35 OF 35

TAB 28
(TEXT OF FORMER TEXAS PROBATE CODE §5A)

Where all proceedings in probate court relating to decedent's estate were in rem, all judgments, orders and decrees entered therein were binding on everybody everywhere, and parties thereto were charged with "notice" of judgments therein, affecting their contingent interest in estate, and hence not entitled to prosecute bill of review for cancellation of such court's orders so as to deprive others of rights acquired under mortgage foreclosure judgment against parties filing bill, regardless of whether such parties were properly before district court in foreclosure suit. Union Bank & Trust Co. of Fort Worth v. Smith (Civ.App. 1942) 166 S.W.2d 928.

In proceeding to review probate court orders, petition need not conform to rules and is not limited to restrictions of equitable practice applicable to bill of review, as such proceeding is not strictly speaking a "bill of review", but in nature of such a bill in equity. Union Bank & Trust Co. of Fort Worth v. Smith (Civ.App. 1942) 166 S.W.2d 928.

Though there is no statutory provision for bill of review in probate matters not covered by guardianship statute, an erroneous judgment of probate court may be reviewed and set aside under certain conditions, in absence of intervening rights of innocent third persons, but an equitable bill of review may not be substituted for an appeal. Union Bank & Trust Co. of Fort Worth v. Smith (Civ.App. 1942) 166 S.W.2d 928.

An action in equity, partaking of nature of bill of review in probate court, will not be restricted to showing entitling complaining party to ultimate relief sought, such as recovery of land, title to which, as between parties, probate court cannot try, but petition should state some good cause, excuse or reason for petitioner's failure to appear and contest judgments complained of, as well as show meritorious defense. Union Bank & Trust Co. of Fort Worth v. Smith (Civ. App. 1942) 166 S.W.2d 928.

## § 5A. Matters Appertaining and Incident to an Estate and Other Probate Court Jurisdiction

(a) In proceedings in the constitutional county courts and statutory county courts at law, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills, and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons.

(b) In proceedings in the statutory probate courts and district courts, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons. All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of this Code, hear all suits, actions, and applications filed against or on behalf of any heirship proceeding or decedent's estate, including estates administered by an independent executor; all such suits, actions, and applications are appertaining to and incident to an estate. This subsection shall be construed in conjunction with and in harmony with Section 145 and all other sections of this Code dealing with independent executors, but shall not be construed so as to increase permissible

85

judicial control over independent executors. All statutory probate courts shall have the same powers over independent executors that are exercisable by the district courts. In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court.

(c) A statutory probate court has concurrent jurisdiction with the district court in all actions:

(1) by or against a person in the person's capacity as a personal representative;

(2) involving an inter vivos trust;

(3) involving a charitable trust; and

(4) involving a testamentary trust.

(d) A statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy.

(e) Subsections (c)(2), (3), and (4) and Subsection (d) apply whether or not the matter is appertaining to or incident to an estate.

Added by Acts 1979, 66th Leg., p. 1741, ch. 713, § 3, eff. Aug. 27, 1979. Amended by Acts 1985, 69th Leg., ch. 875, § 1, eff. Aug. 26, 1985; Acts 1987, 70th Leg., ch. 459, § 1, eff. Sept. 1, 1987; Acts 1989, 71st Leg., ch. 1035, § 3, eff. Sept. 1, 1989; Acts 1993, 73rd Leg., ch. 957, § 6, eff. Sept. 1, 1993; Acts 1997, 75th Leg., ch. 1302, § 1, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 64, § 1, eff. Sept. 1, 1999.

### Historical and Statutory Notes

Section 2 of the 1985 amendatory act provides:

"Because this Act is remedial, it applies to all cases filed under Section 5A(b), Texas Probate Code, on or after January 1, 1973."

Section 18(e) of the 1989 amendatory act provides:

"The change in the law made by Sections 2 and 3 of this Act applies only to a cause of action that accrues on or after the effective date [Sept. 1, 1989] of this Act. A cause of action that accrued before the effective date of this Act is governed by the law in effect at the time the cause of action accrued, and the former law is continued in effect for that purpose."

Section 16 of Acts 1997, 75th Leg., ch. 1302 provides:

"This Act takes effect September 1, 1997, and applies only to the estate of a person who dies on or after that date. An estate of a person who dies before the effective date of this Act is governed by the law in effect on the date of the person's death, and the former law is continued in effect for that purpose."

Acts 1999, 76th Leg., ch. 64, in subsec. (b), in the first sentence substituted "district courts" for "districts courts" and deleted "for the purposes of this section" from the end of the second sentence; in subsec. (e), substituted "Subsection (c)(2), (3), and (4) and Subsection (d)" for "Subsections (c) and (d)".

### Cross References

Statutory probate court judges, assignment, powers, and duties as in § 5 and this section, see V.T.C.A., Government Code § 25.0022.

### Law Review and Journal Commentaries

Annual survey of Texas law: Wills and trusts. Charles O. Galvin, 34 Sw.L.J. 38 (1980); 36 Sw.L.J. 21 (1982).

Contractual wills: Do 1979 Probate Code revisions solve procedural problems? 12 St. Mary's L.J. 436 (1980).

86

TAB 29
(TEXT OF TEXAS CIVIL PRACTICE
& REMEDIES CODE §15.001)

**Effective:[See Text Amendments]**

Vernon's **Texas** Statutes and **Codes** Annotated Currentness

  **Civil Practice** and **Remedies Code**(Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
     Subtitle B. Trial Matters
       Chapter 15. Venue (Refs & Annos)
        Subchapter A. Definitions; General Rules

### § 15. 001. Definitions

In this chapter:

(a) "Principal office" means a principal office of the corporation, unincorporated association, or partnership in this state in which the decision makers for the organization within this state conduct the daily affairs of the organization. The mere presence of an agency or representative does not establish a principal office.

(b) "Proper venue" means:

  (1) the venue required by the mandatory provisions of Subchapter B [FN1] or another statute prescribing mandatory venue; or

  (2) if Subdivision (1) does not apply, the venue provided by this subchapter or Subchapter C. [FN2]

CREDIT(S)

  Added by Acts 1995, 74th Leg., ch. 138, § 1, eff. Aug. 28, 1995.

    [FN1] V.T.C.A., **Civil Practice** & **Remedies Code** § 15.011 et seq.

    [FN2] V.T.C.A., **Civil Practice** & **Remedies Code** § 15.031 et seq.

(c) 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

TAB 30
(TEXT OF TEXAS CIVIL PRACTICE &
REMEDIES CODE §15.016)

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness

Civil Practice and Remedies Code (Refs & Annos)
Title 2. Trial, Judgment, and Appeal
Subtitle B. Trial Matters
Chapter 15. Venue (Refs & Annos)
Subchapter B. Mandatory Venue (Refs & Annos)

### § 15.016. Other Mandatory Venue

An action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute.

CREDIT(S)

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(c) 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

TAB 31
(TEXT OF TEXAS CIVIL PRACTICE &
REMEDIES CODE §15.0642)

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness

  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle B. Trial Matters
        ◺ Chapter 15. Venue (Refs & Annos)
          ◺ Subchapter D. General Provisions (Refs & Annos)

### § 15.0642. Mandamus

A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of this chapter. An application for the writ of mandamus must be filed before the later of:

  (1) the 90th day before the date the trial starts; or

  (2) the 10th day after the date the party receives notice of the trial setting.

CREDIT(S)

Added by Acts 1995, 74th Leg., ch. 138, § 5, eff. Aug. 28, 1995.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(c) 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

TAB 32
(TEXT OF TEXAS PROBATE CODE §6)

**Effective: September 1, 2011 to December 31, 2013**

Vernon's Texas Statutes and Codes Annotated
Texas Probate Code
Chapter I. General Provisions

## § 6.   Venue: Probate of Wills and Granting of Letters Testamentary and of Administration

Wills shall be admitted to probate, and letters testamentary or of administration shall be granted:

(1) in the county where the decedent resided, if the decedent had a domicile or fixed place of residence in this State;

(2) if the decedent had no domicile or fixed place of residence in this State but died in this State, then either in the county where the decedent's principal estate was at the time of the decedent's death, or in the county where the decedent died; or

(3) if the decedent had no domicile or fixed place of residence in this State, and died outside the limits of this State:

(A) in any county in this State where the decedent's nearest of kin reside; or

(B) if there are no kindred of the decedent in this State, then in the county where the decedent's principal estate was situated at the time of the decedent's death.

Acts 1955, 54th Leg., p. 88, ch. 55, eff. Jan. 1, 1956. Amended by Acts 2011, 82nd Leg., ch. 1338 (S.B. 1198), § 1.04, eff. Sept. 1, 2011.

<The Texas Probate Code is repealed and the Estates Code is enacted, effective January 1, 2014, by Acts 2009, 81st Leg., ch. 680, Acts 2011, 82nd Leg., ch. 823 (H.B. 2759) and Acts 2011, 82nd Leg., ch. 1338 (S.B. 1198).>
REPEAL

<This section is repealed by Acts 2011, 82nd Leg., ch. 1338 (S.B. 1198), **§** 2.54(c), effective January 1, 2014.>

TAB 33
(TEXT OF TEXAS PROBATE CODE §8A)

**Effective: September 1, 2011**

Vernon's Texas Statutes and Codes Annotated Currentness
Texas **Probate Code** (Refs & Annos)

Chapter I. General Provisions (Refs & Annos)

**§ 8A. Transfer of Venue in Probate Proceeding**

(a) Transfer for Want of Venue. If it appears to the court at any time before the final decree in a **probate** proceeding that the proceeding was commenced in a court which did not have priority of venue over such proceeding, the court shall, on the application of any interested person, transfer the proceeding to the proper county by transmitting to the proper court in such county the original file in such case, together with certified copies of all entries in the judge's probate docket theretofore made, and the proceeding in such county shall be completed in the same manner as if the proceeding had originally been instituted therein; but, if the question as to priority of venue is not raised before final decree in the proceedings is announced, the finality of such decree shall not be affected by any error in venue.

(b) Transfer for Convenience. If it appears to the court at any time before a probate proceeding is concluded that it would be in the best interest of the estate or, if there is no administration of the estate, that it would be in the best interest of the heirs or beneficiaries of the decedent's will, the court, in its discretion, may order the proceeding transferred to the proper court in any other county in this State. The clerk of the court from which the proceeding is transferred shall transmit to the court to which the proceeding is transferred the original file in the proceeding and a certified copy of the index.

CREDIT(S)

Acts 1955, 54th Leg., p. 88, ch. 55, eff. Jan. 1, 1956. Amended by Acts 1983, 68th Leg., p. 4754, ch. 833, § 1, eff. Sept. 1, 1983; Acts 1987, 70th Leg., ch. 786, § 1, eff. Aug. 31, 1987. Subsec. (c)(2) amended by Acts 2003, 78th Leg., ch. 1060, § 5, eff. Sept. 1, 2003; Subsecs. (a), (b), (c), and (e) amended by Acts 2007, 80th Leg., ch. 1170, § 2.01, eff. Sept. 1, 2007. Amended by Acts 2009, 81st Leg., ch. 602, § 1, eff. June 19, 2009. Redesignated from V.A.T.S. **Probate Code**, § 8(c)(1), (2) and amended by Acts 2011, 82nd Leg., ch. 1338 (S.B. 1198), § 1.06, eff. Sept. 1, 2011.

<The Texas **Probate Code** is repealed and the Estates Code is enacted, effective January 1, 2014, by Acts 2009, 81st Leg., ch. 680, Acts 2011, 82nd Leg., ch. 823 (H.B. 2759) and Acts 2011, 82nd Leg., ch. 1338 (S.B. 1198).>

Current through the end of the 2011 Regular Session and First Called Session of the 82nd Legislature

(c) 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.